**ELKINS CARMEN, Petitioners,**

v.

**SURFACE TRANSPORTATION BOARD
and United States of America,
Respondents,**

**CSX Transportation, Inc., Intervenor.**

No. 98–1466.

United States Court of Appeals,
District of Columbia Circuit.

April 2, 1999.

Jeffrey Stephen Berlin, Washington, DC, was on the motion to dismiss on behalf of intervenor CSX Transportation, Inc.

Paul Joseph Harris was on the opposition on behalf of petitioners.

Before: WALD, SENTELLE, and RANDOLPH, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

This is a petition for judicial review of an order of the Surface Transportation Board. The petition is filed in the name of "Elkins Carmen." CSX Transportation, Inc., an intervenor, moves to dismiss on the ground that petitioners failed to identify themselves, as Federal Rule of Appellate Procedure 15(a) requires.

Rule 15(a) states: "The petition for review must name each party seeking review either in the caption or in the body of the petition. Use of such terms as 'et al.,' or 'petitioners,' or 'respondents' is not effective to name the parties." Before its amendment in 1993, Rule 15(a)'s naming-of-petitioners requirement corresponded with the one contained in FED. R.APP. P. 3(c) for notices of appeals from judgments of district courts. In *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), the Supreme Court held that a notice of appeal not naming a party taking the appeal, as Rule 3(c) required, deprived the court of appeals of jurisdiction over the unnamed party. Responding to *Torres,* the 1993 amendment to Rule 3(c) allowed appellants more leeway, *see Cleveland v. Porca Co.,* 38 F.3d 289, 293 (7th Cir.1994); FED. R.APP. P. 3(c), advisory com-

mittee notes. Rule 15(a), in contrast, was changed to clarify that each petitioner seeking judicial review had to be specifically named. The note accompanying the Rule 15(a) amendment stated:

Both Rule 3(c) and Rule 15(a) state that a notice of appeal or a petition for review must name the parties seeking appellate review. Rule 3(c), however, provides an attorney who represents more than one party on appeal the flexibility to describe the parties in general terms rather than naming them individually. Rule 15(a) does not allow that flexibility; each petitioner must be named. A petition for review of an agency decision is the first filing in any court and, therefore, is analogous to a complaint in which all parties must be named.

FED. R.APP. P. 15(a), advisory committee note.

Until 1981, petitioners were employed as freight car repairmen in Elkins, West Virginia, by Western Maryland Railway Company, the corporate predecessor of CSX. In 1993, prompted by CSX's application for permission to abandon the Elkins line, petitioners (represented by a single counsel) filed a claim for severance benefits with the National Railroad Adjustment Board. In the claim, petitioners identified themselves as "Elkins Carmen" and attached a list of their individual names. The Adjustment Board denied petitioners' claim, and in 1996, the Surface Transportation Board permitted CSX to abandon the Elkins line.

Petitioners then filed an action for injunctive relief in the United States District Court for the Northern District of West Virginia. In the complaint and other documents filed in that court, petitioners again called themselves "Elkins Carmen" and referred to an attachment containing their names. The district court dismissed the claim for lack of subject matter jurisdiction and directed the parties to submit the issue to arbitration.

In May 1998, CSX obtained a favorable arbitration ruling. Petitioners appealed to the Surface Transportation Board. The Board affirmed in a decision issued July 31, 1998. Petitioners then filed this instant petition for review, which refers to them as "Elkins Carmen" and does not attach or reference any list of the individuals involved. The petition attaches a copy of the Surface Transportation Board's decision, but that document also lacks any list of the individuals involved.

The petition here neither specifies any individual petitioner by name nor does it refer to a listing of names. The "Elkins Carmen," in opposing the motion to dismiss, tell us that it is an "unincorporated association" of 41 individuals, previously employed at the Elkins, West Virginia freight car shop of CSX's predecessor, and now united together for the common purpose of seeking severance pay and other benefits. Yet nothing in the petition, or in the attachments to it, suggests that Elkins Carmen is an association. There is no reference to meetings, bylaws, members, officers, publications, dues or property. *Compare State of Georgia v. National Democratic Party,* 447 F.2d 1271, 1273 n. 2 (D.C.Cir.1971). Each document "petitioners" filed in this court, and in all other proceedings, has used "Elkins Carmen" as a collective term, a plural. The caption of the petition for judicial review reads "Elkins Carmen, Petitioners." This designation is inconsistent with the claim that it is a single entity.

Because the petition for judicial review does not comply with Federal Rule of Appellate Procedure 15(a), the motion to dismiss is granted.

*So ordered.*