# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 03-1075

In the Matter of:
  CHARLES T. DORNER,

*Debtor-Appellant.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 02-CV-694—**Rudolph T. Randa**, *Chief Judge.*

ARGUED AUGUST 5, 2003—DECIDED SEPTEMBER 11, 2003

Before EASTERBROOK, ROVNER, and DIANE P. WOOD, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Obligations to pay alimony and child support may not be discharged in bankruptcy. 11 U.S.C. §523(a)(5). A separate provision addresses debts "incurred . . . in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record", which may be discharged if

> (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or (B) discharging such debt would result

in a benefit to the debtor that outweighs the detri-
mental consequences to a spouse, former spouse, or
child of the debtor[.]

11 U.S.C. §523(a)(15). In this bankruptcy proceed-
ing, Charles Dorner seeks to discharge indebtedness to, or
in connection with, three family businesses that a state
divorce court had apportioned between Charles and his
former spouse Ruth A. Dorner. Charles conceded that the
debts had been incurred "in the course of a divorce or sep-
aration" and contended that the conditions for their dis-
charge are satisfied. Bankruptcy Judge Eisenberg concluded
otherwise after an evidentiary hearing. He found not only
that Charles could pay but also that discharge would harm
Ruth more than it would help Charles.

Charles appealed to a district judge under 28 U.S.C.
§158(a). He filed a designation of items to be included in the
record. See Fed. R. Bankr. P. 8006. Although Rule 8006
says that the "record on appeal *shall include* the items so
designated by the parties" (emphasis added), and Rule
8007(b) adds that the bankruptcy clerk "*shall transmit* a
copy thereof forthwith to the clerk of the district court" (em-
phasis added), that is not what happened. The lawyer re-
presenting Charles learned from the clerk that only the
notice of appeal, the bankruptcy judge's opinion, and the
docket sheet would be transmitted. The clerk relied on a
standing order of the district court dated June 25, 1991, and
reading:

IT IS ORDERED that all bankruptcy appeals trans-
mitted to the United States District Court filed
pursuant to the jurisdiction conferred by 28 U.S.C.
§ 158 shall be limited to the following documents:

1)  Notice of Appeal;

2)  A copy of the Order being appealed; and

3)  A copy of the docket sheet.

> IT IS FURTHER ORDERED that other documents from the main file may be requested on an as needed basis.

The trailing paragraph, written in the passive, does not say who must do the requesting. Counsel evidently thought that the duty rests on the judge, while the district judge must have believed that the duty rests on counsel. After the appeal had been briefed, the judge entered this curt order:

> Appellant Charles T. Dorner asks the Court via this appeal to reverse the decision of the Bankruptcy Court Judge. Based upon the limited submission of the appellant and the current record, this Court is unable to conclude, pursuant to the standard of review that it must apply, that the Bankruptcy Judge was in "clear error" in his factual findings or that erroneous legal conclusions were reached.

> Therefore, IT IS HEREBY ORDERED that the appeal is DISMISSED.

Reference to "the limited submission of the appellant and the current record" alerted counsel to the possibility that the district judge had not requested or looked at the evidentiary materials. So counsel asked the clerk to ensure that all materials that had been designated under Rule 8006 are in the record for this court's review. (Our jurisdiction rests on §158(d). See *In re Riggsby*, 745 F.2d 1153, 1154 (7th Cir. 1984); *In re Marchiando*, 13 F.3d 1111, 1113-14 (7th Cir. 1994).) His answer came, not from the clerk, but from the judge, who wrote (emphasis in original):

> By his letter, Dorner's counsel asks that certain portions of the record which pertain to proceedings before the *Bankruptcy Court* be included in the record on appeal from the *District Court's* dismissal. The only portion of the record which may be included in an appeal from a judgment, order, or

> decree of a *District Court* are submissions filed or offered into evidence in the *District Court. See* Circuit Rule 10; *see also* Fed. R. App. P. 6(b). This court has no jurisdiction over filings in the Bankruptcy Court and counsel's request must be denied.

Charles has received the runaround. First, in response to an order issued by the district court, the bankruptcy clerk failed to transmit the record designated under Rule 8006. Then the district judge dismissed the appeal because Charles's arguments were not supported by evidence in the bobtailed record. Finally, the district judge denied that he had any authority to ensure that the record conforms to the Rule 8006 designations.

None of these steps was proper. Start with the refusal to include the documents designated under Rule 8006. The bankruptcy clerk must transmit the documents specified by counsel. No local rule or standing order can supersede the Federal Rules of Bankruptcy Procedure. If the district court had promulgated a local rule to the same effect as its 1991 order, that rule would have been invalid under Fed. R. Bankr. P. 8018(a)(1), which says that all local rules must be "consistent with" the national rules. See also 28 U.S.C. §2071(a); Fed. R. Civ. P. 83(a)(1). A local rule that countermands a national rule is not consistent with it. Orders with the effect of rules likewise must satisfy the consistency requirement.

Adopting local rules through the device of standing orders contravenes the Rules Enabling Act in several ways beyond the vice of inconsistency. First, rules must be reviewed by an advisory committee. See 28 U.S.C. §2077(b). Second, rules may be adopted only after public notice and opportunity for comment. 28 U.S.C. §2071(b). Third, rules adopted by district courts must be submitted to the judicial council of the circuit for review. 28 U.S.C. §2071(c). Finally, all local rules must be sent to the Director of the Administrative

Office, who ensures their public availability. 28 U.S.C. §2071(d). The Eastern District of Wisconsin violated all of these requirements when it used a nonpublic standing order to contradict Rules 8006 and 8007, which like all other national rules have the force of statutes. See 28 U.S.C. §2072(b).

The standing order of June 1991 is invalid. But while the court was still implementing it, district judges should have recognized that they were the right persons to request materials under its last paragraph. It would make little sense to say that counsel should have done the requesting; the designation under Rule 8006 already served that purpose. An order such as this could be useful only to the extent that it led the district judge to peruse the designation and secure all documents essential to resolve the appeal. That was not done here.

As for the final step in the runaround—the district judge's declaration that he had no authority to order the bankruptcy court to add material to the record—this reflects a misunderstanding of the relation between district and bankruptcy judges. Bankruptcy judges and district judges serve on a unified court. "In each judicial district, the bankruptcy judges . . . shall constitute *a unit of* the district court". 28 U.S.C. §151 (emphasis added). District judges may refer matters to bankruptcy judges but also may withdraw them and render decisions themselves. 28 U.S.C. §157. It is the district judges, not the bankruptcy judges, who make the rules of procedure for all bankruptcy issues not covered by the national rules. Fed. R. Bankr. P. 8018(a)(1). So the district judge had all the authority needed to ensure that the bankruptcy clerk completed this record in accord with the Rule 8006 designation, and the judge should have done this before the record was transmitted to the court of appeals.

What happened after that, however, can't be pinned on the district court. If Charles wanted to supplement the contents of the record as transmitted, he had to file a motion in this court under Fed. R. App. P. 10(e). He did not do so. Alternatively, Charles might have filed a brief contending that the decision should be vacated and the appeal redetermined in the district court on the proper record. His lawyer did not do that either. Instead he elected to proceed as if there were no problem. Charles's brief contends that the bankruptcy judge made clearly erroneous findings of fact, and this line of argument depends on documents that are not in the record. Charles's appellate brief does not contain even an allusion to the contretemps in the district court about the record; he pretends that the district court included everything he asked for. Pretense is no substitute for a record. The brief reads as if the district judge had no role in the case and that we are directly reviewing the bankruptcy judge's decision. Despite Circuit Rule 30(a), which requires every appellant to include with the brief a copy of the opinion and judgment in the district court, this brief includes only the bankruptcy judge's opinion and judgment; counsel also filed a statement under Circuit Rule 30(d) falsely certifying that all materials required by Rule 30(a) had been included.

So here we are, with the issues on appeal limited to factual contentions that, on a skeletal record, cannot be resolved in Charles's favor. This is the same problem the district judge encountered—and though the district judge could and should have overcome it by a request under the last paragraph of the standing order, we have no such authority. A litigant whose position in the court of appeals depends on extra-record evidence loses forthwith. The situation is covered in Circuit Rule 10(g), which is designed to handle problems such as this:

> When a party's argument is countered by a contention of waiver for failure to raise the point in the trial court or before an agency, the party opposing

> the waiver contention must give the record cite where the point was asserted and also ensure that the record before the court of appeals contains the relevant document or transcript.

Not until oral argument, however, did counsel suggest that the record be fleshed out—and by then it was too late. Lawyers must get these things straight before the briefing is complete; otherwise the opposing party and the appellate judges must traverse the same ground twice. Charles's lawyer effectively forfeited the appeal when he filed a brief pretending that he had prevailed in the district court on the question whether the appellate record should be expanded. Omission of the district court's opinion was the coup de grâce, for that can be enough by itself to yield summary affirmance. See *Mortell v. Mortell Co.*, 887 F.2d 1322, 1326-27 (7th Cir. 1989); *Urso v. United States*, 72 F.3d 59, 61-62 (7th Cir. 1995).

From the little we can see, there is no reason to think that the bankruptcy judge committed a clear error or abused his discretion. We have not been given a properly supported reason to set aside the order on the merits; and, as Charles has not asked for any relief with respect to the contents of the record, the judgment of the district court is

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*