# In the
# United States Court of Appeals
## For the Seventh Circuit
_____

No. 03-3646

DRAGAN MILJKOVIC,

Petitioner,

v.

JOHN D. ASHCROFT,

Respondent.

_____

On Petition for Review of an Order of
the Board of Immigration Appeals.
No. A 70 674 796.

_____

SUBMITTED MARCH 25, 2004—DECIDED MAY 3, 2004

_____

Before POSNER, RIPPLE, and DIANE P. WOOD, *Circuit Judges*.

POSNER, *Circuit Judge*. Dragan Miljkovic has filed a petition, which is pending and awaiting argument in this court, to review an order of removal (deportation) premised on the denial of his application for asylum. Before us is his motion to add the name of his wife Divna to the petition for review, as an additional petitioner. Her name was left off as a result of inadvertence by the Miljkovics' lawyer.

The purpose of the motion is neither obvious nor explained. Divna Miljkovic's quest for asylum is entirely derivative from her husband's, being based solely on 8 U.S.C. § 1158(b)(3)(A), which provides that "a spouse or

child . . . of an alien who is granted asylum . . . may, if not otherwise eligible for asylum . . ., be granted the same status as the alien if accompanying, or following to join, such alien." If Mr. Miljkovic is granted asylum, Mrs. Miljkovic will (in all likelihood—a qualification explained later) be granted asylum as well, and if he is denied asylum, then (no qualification necessary here) she will be denied asylum. *Galina v. INS*, 213 F.3d 955, 957 (7th Cir. 2000); cf. *Ochave v. INS*, 254 F.3d 859, 864 (9th Cir. 2001). And so the question arises: what purpose would be served by adding her name to the petition for review? In his motion Mr. Miljkovic says only that his wife is under an "order of supervision" but drops no hint as to how or why that order might be altered by the addition of her name to the petition for review. Because we have already denied a motion for a stay of the removal order, it is not as if adding her name to the petition would somehow enable her to piggyback on a stay granted to him.

The government in its opposition to the motion to add her name states without elaboration that "to now include her in the appeal as a party would be prejudicial to respondent and to the economy of judicial proceedings." We can't understand either of the government's points. If Mrs. Miljkovic's status is derivative from her husband's, how is the government "prejudiced" by the addition of her name to the petition for review? And procedural economy would actually be disserved if by ordering that her husband but not her be given asylum we forced her to file a separate application, based on derivative status, in order to be allowed to remain in the United States. 8 C.F.R. § 208.21(c). That would add another layer of paperwork with no benefit to anyone because the government does not suggest that it would have any ground for denying the application.

Although Mrs. Miljkovic's lawyer points to no concrete advantages that she might derive from the granting of the

motion to add her to the petition for review, we can see some. They are slight, but there is nothing on the other side—nothing, that is, to show prejudice to the government. Although a grant of asylum to Mr. Miljkovic would entitle his wife to asylum too, under the law now in force, there is a difference between a judgment that commands the immigration service to grant you asylum and even a compelling argument to be made in a separate application later, if only because rights conferred by final judgments are good against a subsequent change in the law. *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 225-26 (1995). What is more, the government might have grounds for opposing the separate application, even under the existing regulations, because the grant of derivative status to the spouse of a successful applicant for asylum is not automatic but requires an exercise of discretion by the immigration authorities. See 8 C.F.R. § 208.21(a); *Bucur v. INS,* 109 F.3d 399, 402-03 (7th Cir. 1997). So Mrs. Miljkovic does have something to gain from the addition of her name to her husband's petition for review.

In *Bace v. Ashcroft*, 352 F.3d 1133, 1137 (7th Cir. 2003), over the government's objection we deemed the spouse's application for asylum, governed as in this case by 8 U.S.C. § 1158(b)(3)(A), properly before us even though his name was not on the petition for review. The omission was even more obviously inadvertent than in the present case. It was Mr. Bace who claimed to have been persecuted. Mrs. Bace was seeking asylum merely by virtue of her spousal status, so the fact that she was named in the petition for review rather than he was a patent oversight. The only rule we cited in support of our deciding to overlook the oversight, however, was Rule 3 of the Federal Rules of Appellate Procedure. That rule governs the procedure for appealing from orders by district courts and counsels lenity in determining the proper parties to such an appeal: "An appeal

must not be dismissed . . . for failure to name a party whose intent to appeal is otherwise clear from the notice" of appeal. Fed. R. App. 3(c)(4). But it is Rule 15 of the appellate rules, not Rule 3, that governs petitions for review of administrative decisions, and it contains no corresponding language. On the contrary, it says that the petition for review must "name each party seeking review either in the caption or the body of the petition—using such terms as 'et al.,' 'petitioners,' or 'respondents' does not effectively name the parties." Fed. R. App. P. 15(a)(2)(A). *Bace* did not cite Rule 15(a)(2)(A). It did cite *Tsevegmid v. Ashcroft*, 336 F.2d 1231, 1233 n. 2 (10th Cir. 2003), a similar case, but again one that had not grappled with the language and background of Rule 15(a)(2)(A).

The two rules *used* to be similar. But after and in response (see Advisory Committee's Note to Fed. R. App. P. 3) to the Supreme Court's ruling in *Torres v. Oakland Scavenger Co.*, 487 U.S. 312 (1988), that the failure of a notice of appeal to name all the appellants individually deprives the appellate court of jurisdiction over any unnamed appellants, both rules—Rule 3, the rule involved in the *Torres* case, and Rule 15—were amended in 1993 to their present form. The Advisory Committee's Note to Rule 15 remarks the gap that the amendments opened between the two rules and points out that the amended Rule 15 lacks the flexibility of the amended Rule 3 because it requires that "each petitioner must be named. A petition for review of an agency decision is the first filing in any court and, therefore, is analogous to a complaint in which all parties must be named." *Elkins Carmen v. Surface Transportation Board*, 170 F.3d 1144 (D.C. Cir. 1999) (per curiam), not cited in *Bace*, pointed to the gap between the two rules and ruled that failure to name a party in the petition for review deprives the court of jurisdiction to grant the unnamed applicant any relief—a conclusion that seems compelled by the wording and history of the

amended rules. Mrs. Miljkovic could have moved to intervene in her husband's review proceeding, but she would have had to file her motion within 30 days of the filing of his petition for review, Fed. R. App. P. 15(d), and she missed the deadline.

Rule 15 is applicable to administrative proceedings in general, and there is no indication that anyone involved in the drafting and promulgation of the rule was aware of its potential application to the unusual situation of claims to derivative status in asylum cases, a pretty esoteric corner of administrative law. (*Elkins* did not involve asylum, or indeed immigration.) Nevertheless, we have no authority to create an exception to a clearly worded jurisdictional rule. The rule is explicit that to become a party to a proceeding in a federal court of appeals to review administrative action, you must be named in the petition for review or move to intervene within 30 days after the filing of the petition for review.

This is not, however, the proper case in which to reexamine *Bace*. We noted earlier the difference between having a judgment in hand and having merely a right to file an application that under existing law almost certainly would be granted. Mrs. Miljkovic, however, was named in her husband's application for asylum, and as a result she does not have to file a separate application for asylum later if his application is granted. 8 C.F.R. § 208.21(c). To put this differently, because the application was joint, if we order it granted this will *automatically* entitle Mrs. Miljkovic to asylum. In these circumstances, to name her in the petition is not to add a party without complying with the strictures of Rule 15(a)(2)(A). It is merely to recognize that by virtue of the jointness of the application for asylum, she *is* a party in the sense that she has the identical legal and practical stake as her husband. In these circumstances, adding her

name to the petition is in the nature of the correction of a clerical error. Cf. Fed. R. Civ. P. 60(a).

We emphasize the narrowness of our holding, which pivots on the fact that the spouse seeking derivative status was actually named in her spouse's application for asylum. Whether the broader implications of *Bace* should invite a reconsideration of that decision in the light of the text and history of Rule 15 and the *Elkins* decision is an issue for another day.

MOTION GRANTED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*