# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 02-4394

PRINCE ADESEGUN FADAYIRO,

Plaintiff-Appellant,

v.

AMERIQUEST MORTGAGE CO.,

Defendant-Appellee.

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 02 C 2483—**James B. Zagel**, *Judge.*

———————

SUBMITTED MAY 14, 2004—DECIDED JUNE 14, 2004

———————

Before POSNER, MANION, and DIANE P. WOOD, *Circuit Judges.*

POSNER, *Circuit Judge.* The bankruptcy judge dismissed Fadayiro's adversary proceeding, and Fadayiro filed in the bankruptcy court a notice of appeal to the district court which stated that "Plaintiff *pro se* appeals the Judgements of this Court [i.e., the bankruptcy court] in the above-styled matter to the United States District Court, Northern District of Illinois" and that "This Notice of Appeal is based upon the annexed Motion and Affidavit of *informa pauperis* and a Statement of Appellate Issues and the files and records

already lodged in the above-styled matter." The caption to the notice identifies the case by name and docket number, but names only one of the appellees, Ameriquest (misspelled "Americaquest"), referring to the others as "*et al.*" The district court dismissed the appeal on the ground that the notice of appeal failed to comply with Bankruptcy Rule 8001(a), which is to appeals from bankruptcy courts to district courts what Fed. R. App. P. 3 is to appeals from district courts to courts of appeals. Fadayiro has appealed the district court's dismissal of his bankruptcy appeal to us, but his notice of appeal names only Ameriquest as an appellee and Ameriquest is the only defendant that has appeared at any stage of this proceeding.

The two rules governing notices of appeal differ mysteriously. Rule 3(c)(1) of the appellate rules provides that the notice of appeal must specify the appellant(s) by name, except that "an attorney representing more than one party may describe those parties with such terms as 'all plaintiffs,' 'the defendants,' 'the plaintiffs A, B, et al.,' or 'all defendants except X' "; must designate the order being appealed from; and must name the court to which the appeal is being taken. But "an appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice." Fed. R. App. P. 3(c)(4). Fadayiro's notice of appeal complied with all the requirements of Rule 3(c)(1) except designation of the order, but the appended papers to which the notice refers indicated that he was appealing from the dismissal of his adversary proceeding and so complied with the rule informally, but under Rule 3(c)(4) adequately. *Nichols v. United States*, 75 F.3d 1137, 1140-41 (7th Cir. 1996); *Hawkins v. City of Farmington*, 189 F.3d 695, 704-05 (8th Cir. 1999); *Ayala v. United States*, 980 F.2d 1342, 1344 (10th Cir. 1992).

However, Rule 8001(a) of the bankruptcy rules, which rather than Rule 3 of the appellate rules governs Fadayiro's appeal to the district court, is more demanding. The notice of appeal must "(1) conform substantially to the appropriate Official Form, [and] (2) contain the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys." The reference in (1) is to Official Bankruptcy Form 17, which besides providing a format for presenting the information required in (2) has spaces for the docket number of the case, what chapter of the Bankruptcy Code the case involves, and the date of entry of the order being appealed from. We are doubtful that a notice of appeal that failed to indicate the order appealed from could nonetheless be thought to comply with the rule, as held in *In re Dudley*, 249 F.3d 1170, 1174 (9th Cir. 2001)—for how could a notice that omitted such essential information be thought to "conform substantially" to the official form? But we need not pursue that question here. And in any event Rule 8001(a) makes no reference to informal compliance beyond what can be teased out of the quoted words.

Fadayiro's notice of appeal did not comply fully with either (1) or (2), though the failure to list the lawyers' phone numbers is understandable, to say the least; he had no lawyer, and the defendants (the names of all of which were listed in one of the documents that he appended to the notice of appeal) had not filed a notice of appearance in the bankruptcy court, although Ameriquest filed an appearance in the district court. The question is whether the failure of the notice of appeal to designate the order appealed from and to name all the defendants was fatal when all the information was contained in appended documents.

We do not think that Fadayiro's failure of complete, literal conformity to Rule 8001(a) and its incorporated Official

Bankrupty Form 17 should be thought a *jurisdictional* defect, and hence unforgivable. This is not to say that the difference between the wording of the appellate rule and of the bankruptcy rule is trivial or accidental. A bankruptcy will often spawn multiple subproceedings. Whereas in normal civil litigation it can be safely assumed that everyone who is not an appellant must be an appellee, that is not a safe assumption in bankruptcy. Many parties will be bystanders to a particular adversary proceeding, or other subproceeding, that has given rise to an appeal. It is therefore important that the notice of appeal name the appellees. In addition, and also related to the hydraheaded character of many bankruptcy proceedings, all bankruptcy is practiced through Official Forms; and unlike normal federal civil practice, where the forms are illustrations, in bankruptcy they are mandatory. The bankruptcy community believes this essential to the mass-production system that is modern bankruptcy adjudication. You look in the forms and see who must respond to what; going behind the forms might create serious problems.

It does not follow, however, that strict and literal compliance with the rule and the forms should be deemed jurisdictional in the sense that a failure to comply, however innocuous, spells doom for the appeal. Nothing in the history of the rule, the case law, the treatises, the discussion by the district judge, or the appellees' brief suggests that such dire, irrevocable consequences should flow from the difference in wording between Fed. R. App. P. 3(c) and Bankr. R. 8001(a), significant as that difference is. Compare *Miljkovic v. Ashcroft*, 366 F.3d 580 (7th Cir. 2004). *All* the information required by Rule 8001(a) was in fact supplied by the appellant though not in the format prescribed by the form to which the rule refers. Presumably "conform substantially" has reference to information rather than to format and thus describes this case, where all the information was

supplied, albeit not in the most compact and accessible form. The very phrase indicates that literal compliance with formal requirements is not indispensable to the administration of the bankruptcy system; the number of such requirements reinforces this inference by increasing the likelihood of inadvertent mistakes. It was error to dismiss the appeal.

REVERSED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*