**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-1876**

———————

In Re:  UNITED REFUSE LLC,

                                                          Debtor.

-----------------------------------

JAMES C. LEHNER AND SUZANNE LEHNER,

                                                          Appellants,

        and

W. CLARKSON MCDOW, JR., U.S. Trustee,

                                                          Party in Interest,

                versus

UNITED REFUSE LLC; UNITED LEASING CORPORATION,

                                             Defendants - Appellees.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  James C. Cacheris, Senior
District Judge.  (CA-05-438-JCC-1; BC-04-11503; AP-04-1196)

———————

Submitted:  March 8, 2006          Decided:  March 21, 2006

———————

Before WILLIAMS, KING, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Steven S. Biss, Richmond, Virginia, for Appellants. Kermit A. Rosenberg, TIGHE, PATTON, ARMSTRONG, TEASDALE, P.L.L.C., Washington, D.C., for Appellee United Refuse, L.L.C.; William Daniel Sullivan, LECLAIR RYAN, P.C., Alexandria, Virginia, for Appellee United Leasing Corporation.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

This appeal arises from a Chapter 11 bankruptcy proceeding in which James Lehner and Suzanne Lehner, the putative owners of the debtor corporation, United Refuse, LLC ("United Refuse"), were directed to convey legal title of United Refuse to its creditor, United Leasing Corporation ("ULC"). Dissatisfied with that result, the Lehners sought to appeal. However, counsel for the Lehners filed a notice of appeal solely in the name of United Refuse before the bankruptcy court and filed the appeal against ULC in the Eastern District of Virginia. Following a stipulation between United Refuse and ULC to dismiss the bankruptcy appeal, the district court denied the Lehners' motion to substitute themselves for United Refuse and dismissed the matter for lack of jurisdiction. We now affirm the district court's disposition of the bankruptcy appeal.

I.

The underlying factual dispute in this bankruptcy appeal pertains to the Lehners' ownership interests in United Refuse.[1] On

---

[1]ULC is a business that provides equipment financing through leases to commercial customers. According to ULC, one of its clients, Garcia's, Inc. ("Garcia's"), a trash removal service, defaulted on its loan payments. ULC subsequently seized Garcia's assets, voted out Garcia's then-owners, and established United Refuse to operate Garcia's assets.

The articles of incorporation filed for United Refuse originally did not name an owner. However, by July 2002, the articles of incorporation were amended to identify the Lehners as

3

April 30, 2004, United Refuse filed a complaint against ULC in bankruptcy court to determine the validity, priority, and extent of certain liens. ULC subsequently asserted a counterclaim against United Refuse regarding the true ownership of United Refuse, and joined the Lehners as counterclaim defendants. On October 7, 2004, the parties stipulated that the Lehners would be dismissed without prejudice and agreed that the Lehners "will be personally bound by the Court's determination of this matter and will respond to and participate in discovery in the same manner and to the same extent as they would be required to do if they were parties named to this suit." J.A. 104. This stipulation was executed by counsel for United Refuse and counsel for ULC, and individually by James Lehner, Suzanne Lehner, and Edward Shield, the controlling shareholder of ULC.

Following a trial, the bankruptcy court held a hearing on March 14, 2005, and announced that the Lehners only held legal title to United Refuse for the benefit of ULC and directed the Lehners to "execute such documents as necessary to convey legal title to [ULC] which is the sole beneficial owner . . . ." J.A. 45; J.A. 5. The bankruptcy court then advised the Lehners, who

_____

the 100% owners of United Refuse. According to ULC, United Refuse was solely intended "to act as a workout vehicle for the assets leased to Garcia's and the collateral security given by Garcia's for those leases." J.A. 157. Moreover, ULC asserts that the Lehners only held legal title of United Refuse for the benefit of ULC, and that ultimately, the Lehners intended to steal United Refuse from ULC.

4

were present, that "you have heard the judgment of the Court and you have heard your counsel. You have the right of appeal." J.A. 74. That same day, the bankruptcy court issued an order memorializing the above-made findings and stating that, in accordance with the executed stipulation, the Lehners "are fully bound by this order the same as if they were parties to this action." J.A. 6.

On March 24, 2005, counsel for the Lehners, Steven S. Biss, filed a notice of appeal in the name of United Refuse against ULC in the bankruptcy court. The notice bore two captions: "In re: United Refuse LLC, Debtor" and "United Refuse LLC, Plaintiff, v. United Leasing Corporation, Defendant." J.A. 82. In addition, the only parties named within the notice of appeal were United Refuse and ULC.

On May 9, 2005, Biss, apparently at the direction of the Lehners, filed an appellate brief solely in the name of United Refuse before the district court, seeking to reverse the ownership determination rendered by the bankruptcy court. The brief set out a host of issues related to the true ownership of United Refuse. Specifically, the brief challenged the bankruptcy court's determination that the Lehners only held bare legal title for the benefit of ULC.

That same day, counsel for United Refuse and ULC executed a joint stipulation dismissing the bankruptcy appeal. The

5

stipulation represented that Biss was not "counsel for United Refuse and has no right, authority, or even color of authority to prosecute an action on behalf of United Refuse." J.A. 95. According to the stipulation, counsel for United Refuse attested that in conducting his fiduciary duties, he reviewed the issues presented by Biss, but concluded that there was neither any basis for the appeal nor any conceivable benefit to the estate by the prosecution of the appeal. On June 3, 2005, Biss, acting on behalf of the Lehners, filed an opposition to the stipulation of dismissal and sought to substitute the Lehners for United Refuse in the bankruptcy appeal.[2]

On July 6, 2005, the district court denied the Lehner's motion to strike the dismissal of appeal and motion to substitute the parties on appeal. In addition, the district court dismissed the appeal for lack of subject matter jurisdiction because the Lehners had not identified themselves as appellants in the notice of appeal. The Lehners now appeal both the dismissal of the appeal and the denial of their motion to substitute themselves for United Refuse as parties on appeal.

---

[2]Meanwhile, the Lehners quitclaimed their ownership interests in United Refuse and conveyed legal title to ULC on May 19, 2005.

II.

A.

The Lehners first challenge the district court's dismissal of the bankruptcy appeal based on lack of subject matter jurisdiction. Specifically, the Lehners assert that the notice of appeal sufficiently identified them as appellants for the purposes of Federal Rule of Bankruptcy Procedure 8001(a). In dismissing the appeal, the district court reasoned that the notice of appeal failed to name the Lehners as appellants, to express the Lehners' intent to appeal, or to establish privity between the Lehners and United Refuse, thereby rendering their appeal unperfected. For these reasons, the district court confined the notice of appeal to United Refuse, the only party explicitly asserted as the appellant, and determined that it lacked jurisdiction to adjudicate the Lehners' appeal. We agree with the reasoning of the district court.

1.

We apply de novo review to the district court's dismissal of the bankruptcy appeal for lack of subject matter jurisdiction. See Welch v. United States, 409 F.3d 646, 650 (4th Cir. 2005).

2.

This appeal causes us to consider two distinct procedural rules governing the sufficiency of notices of appeal: Federal Rule of Bankruptcy Procedure 8001(a), which specifically governs notices

7

of appeal related to bankruptcy appeals to the district courts, and Federal Rule of Appellate Procedure 3(c), which generally governs notices of appeal. Rule 8001(a) provides, in relevant part:

> The notice of appeal shall (1) conform substantially to the appropriate Official Form, (2) contain the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys, and (3) be accompanied by the prescribed fee.

Bankr. R. 8001(a). The accompanying advisory committee notes further explain that Rule 8001 "require[s] that a notice of appeal be filed whenever a litigant seeks to secure appellate review." Bankr. R. 8001 advisory committee notes.

Rule 3(c) provides that a notice of appeal must "specify the party or parties taking the appeal by naming each one in the caption or the body of the notice, but an attorney representing more than one party may describe those parties with such terms as 'all parties,' 'the defendants,' 'the plaintiffs A, B, et al.' or 'all defendants except X.'" Fed. R. App. P. 3(c)(1)(A). As detailed in the advisory committee notes, the rule reflects a liberalized pleading standard in response to Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988),[3] which held that a party's

_____

[3] Unlike Rule 8001(a), which has enjoyed a relatively sparse legislative history, Rule 3(c)(1)(A) was recently amended in 1993 to its present form following Torres. Torres held that Rule 3(c)'s specificity requirement--i.e., that a notice of appeal "shall specify the party or parties taking the appeal"--is a strict jurisdictional threshold, notwithstanding Rule 3(c)'s additional language indicating that "an appeal shall not be dismissed for informality of form or title of the notice of appeal." Torres, 487

failure to comply strictly with the specificity requirement of Rule 3(c) forfeits its right to appeal. In particular, the advisory committee notes explain:

> The amendment states a general rule that specifying the parties should be done by naming them. Naming an appellant in an otherwise timely and proper notice of appeal ensures that the appellant has perfected an appeal. However, in order to prevent the loss of a right to appeal through inadvertent omission of a party's name or continued use of such terms as "et al.," which are sufficient in all district court filings after the complaint, the amendment allows an attorney representing more than one party the flexibility to indicate which parties are appealing without naming them individually. <u>The test established by the rule for determining whether such designations are sufficient is whether it is objectively clear that a party intended to appeal</u>. A notice of appeal filed by a party proceeding pro se is filed on behalf of the party signing the notice and the signer's spouse and minor children, if they are parties, unless the notice clearly indicates a contrary intent. . . . Finally, the rule makes it clear that dismissal of an appeal should not occur when it is otherwise clear from the notice that the party intended to appeal. <u>If a court determines it is objectively clear that a party intended to appeal, there are neither administrative concerns nor fairness concerns that should prevent the appeal from going forward</u>.

Fed. R. App. P. 3(c) advisory committee notes (emphases added).

---

U.S. at 314. In so holding, the Supreme Court reasoned that "[t]he failure to name a party in a notice of appeal is more than excusable 'informality'; it constitutes a failure of that party to appeal." <u>Id.</u> at 314; <u>see also</u> <u>In re Case</u>, 937 F.2d 1014, 1021 (5th Cir. 1991) ("Rule 3(c) is jurisdictional in nature and the failure to comply with its specificity requirement invokes a strict rule of forfeiture which denies an individual party's right to appeal."). However, due to the heavy onset of "satellite litigation" spawned from <u>Torres</u>'s admittedly harsh result, the 1993 Amendments permit an "attorney representing more than one party the flexibility to indicate which parties are appealing without naming them individually." Fed. R. App. P. 3(c) advisory committee notes.

9

The considerable overlap between the two rules raises significant issues regarding the degree of specificity and formal compliance required in identifying appellants in notices of appeal. Yet the rules themselves provide little insight into that relationship, particularly since Rule 8001 directs appellants to "name[]" themselves and is otherwise silent as to the formality of pleading, whereas Rule 3(c) directs appellants to "specify" themselves in the notice of appeal and permits liberal pleading. See Fadayiro v. Ameriquest Mortgage Co., 371 F.3d 920, 921 (7th Cir. 2004) ("The two rules governing notices of appeal differ mysteriously."). Not surprisingly, the courts of appeals have not fully converged as to whether Rule 3(c) is coextensive with Rule 8001(a) or altogether inapplicable in the bankruptcy context. See id. (holding that Rule 8001(a), rather than Rule 3(c), applies to notices of appeal from bankruptcy court decisions); In re Cascade Roads, Inc., 34 F.3d 756, 761 (9th Cir. 1994) (holding that Rule 8001(a), not Rule 3(c), applies to notices of appeal from bankruptcy court decisions); Case, 937 F.2d at 1021 (exclusively applying Rule 8001(a)); cf. In re Continental Airlines, 125 F.3d 120, 128-29 (3d Cir. 1997) (applying Rule 3(c) to notice of appeal from bankruptcy decision); Storage Technology Corp. v. United States District Court, 934 F.2d 244, 247-48 (10th Cir. 1991) (applying the pre-1993 Amendments version of Rule 3(c) in interpreting Rule 8001(a) and concluding that "the failure to

specifically designate a party somewhere in the notice of appeal is a jurisdictional bar to that party's appeal"), superseded by rule on other grounds, Fed. R. App. 3(c), as recognized in Dodger's Bar & Grill, Inc. v. Johnson County Bd. of County Comm'rs, 32 F.3d 1436, 1440 (10th Cir. 1994).[4]

We need not determine the applicability of Rule 3(c) or its rationale because, as the district court concluded, the Lehners have failed to satisfy the requirements of either Rule 8001(a) or Rule 3(c). Under Rule 8001(a), the Lehners concede that they failed to name themselves as parties in the appeal, but contend that the rule only applies to the parties extant at the time the bankruptcy court rendered its decision. However, this argument flies in the face of the uncontested facts that (1) the Lehners had been originally named as counterclaim defendants in the underlying bankruptcy proceeding; and (2) they executed a stipulation, which bound them to the bankruptcy's ultimate determination of the ownership of United Refuse--the very issue they now seek to raise

---

[4]Indeed, according to the Seventh Circuit, the fact that Rule 8001(c) does not contain the specificity requirement casts doubt over whether a failure of absolute compliance with the rule even constitutes a jurisdictional defect as defined by Torres. See Fadayiro, 371 F.3d at 922 (rejecting rule that failure to comply with Rule 8001(a) is a jurisdictional defect and remarking that "[n]othing in the history of the rule, the case law, the treatises, the discussion by the district judge, or the appellees' brief suggests that such dire, irrevocable consequences should flow from the difference in wording between Fed. R. App. P. 3(c) and Bank. R. 8001(a), significant as that difference is"); Case, 937 F.2d at 1021 (stating that the wording of Rule 8001 and Rule 3(c) is "materially different").

11

on appeal. Significantly, the Lehners were dismissed without prejudice from the action solely pursuant to the stipulation, which provided that the Lehners "will be personally bound by the Court's determination of this matter and will respond to and participate in discovery in the same manner and to the same extent as they would be required to do if <u>they were parties named to this suit</u>." J.A. 104 (emphasis added). As a result, the Lehners' forbearance in exercising their right to litigate the ownership dispute does not undermine the bankruptcy court's determination of that issue in light of their explicit agreement to be bound.[5] Moreover, the

_____

[5]We further note that the other cases cited by the parties stand for the limited proposition that counsel for appellants need not name itself as a party because of the close privity between counsel and client in conducting litigation. <u>Miltier v. Downes</u>, 935 F.2d 660, 663 n.1 (4th Cir. 1991) (reviewing sanctions award against appellant's counsel even though the notice of appeal did not name counsel because counsel was the "only party adversely affected by the court's ruling," to the extent that there was no "risk of ambiguity or confusion"); <u>Case</u>, 937 F.2d at 1021 (holding that the district court properly reviewed attorney's fees awarded against appellant's counsel even though the notice did not specifically list counsel as an "appellant" because an attorney is not a "litigant" who must be listed under Rule 8001); <u>Corp. of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints v. Associated Contractors, Inc.</u>, 877 F.2d 938, 939 n.1 (11th Cir. 1989) (entertaining jurisdiction over counsel's appeal from fee award imposing joint and several liability on the appellant and its counsel based on the "close privity between a lawyer and his client with respect to the conduct of litigation"). Here, there is no indication of any relationship between the Lehners and United Refuse beyond their claims of putative ownership over United Refuse. <u>See</u> <u>G.E. Smith & Assocs., Inc. v. Otis Elevator Co.</u>, 608 F.2d 126, 127 (11th Cir. 1979) (dismissing appeal asserted only by one co-plaintiff because the co-plaintiffs were "not one and the same but are different entities in contract with another, one as owner and the other as party to do construction work").

12

bankruptcy court specifically apprised the Lehners of their right to appeal the ownership determination. For these reasons, we conclude that the Lehners, as litigants in the underlying action and parties bound to the challenged ownership decision, failed to comply with the pleading requirements of Rule 8001(a) in asserting their appeal.

Nor can the Lehners seek refuge in Rule 3(c) and its liberalized pleading standard. The notice of appeal bore two captions--"In re: United Refuse LLC, Debtor" and "United Refuse LLC, Plaintiff, v. United Leasing Corporation, Defendant"--and exclusively designated United Refuse and ULC as the parties on appeal. Nowhere did the Lehners name themselves in any capacity. Indeed, the Lehners' counsel, Biss, solely identified himself as counsel for "Appellant, United Refuse LLC" in filing the notice of appeal and the appellate brief. Furthermore, the notice of appeal failed to contain any signifiers such as "all the parties," "et al.," or "the plaintiffs" that would indicate that parties other than United Refuse and ULC were implicated in the appeal. Cf. Dodger's Bar & Grill, 32 F.3d at 1440 (holding that designation of additional plaintiffs as "et al." and "other individually-named plaintiffs" was sufficient to satisfy Rule 3(c)); see also Fadayiro, 371 F.3d at 922 (finding compliance where the appellant solely identified one defendant in the notice of appeal, but appended the names of the remaining defendants to the notice of

13

appeal).  From the face of the notice of appeal itself, we are hard pressed to conclude, by any stretch of the imagination, that the Lehners specified themselves as appellants, or that it was "objectively clear" that the Lehners intended to appeal.

The Lehners nevertheless contend that the totality of the circumstances demonstrates that they intended to appeal.  In effect, the Lehners request this Court to infer that they were the real parties in interest for the purposes of the appeal.  We decline to make that assumption because in the bankruptcy context, as the Seventh Circuit has observed, not all parties to a bankruptcy decision will necessarily be involved in the appeal:

> A bankruptcy will often spawn multiple subproceedings. Whereas in normal civil litigation it can be safely assumed that everyone who is not an appellant must be an appellee, that is not a safe assumption in bankruptcy. Many parties will be bystanders to a particular adversary proceeding, or other subproceedings, that has given rise to the appeal.  It is therefore important that the notice of appeal name the appellees.

Fadayiro, 371 F.3d at 922.  Thus, even if Rule 3(c) applied in this context, the Lehners have failed to meet its pleading standard.[6]

---

[6]The Lehners' assertion that a cover letter attached to the notice of appeal identified them as appellants was never presented to the district court.  Nor was the letter included in the appellate record.  Therefore, we decline to consider this argument on appeal.

In addition, because we find that the Lehners have failed to satisfy the liberalized pleading standard of Rule 3(c), we cannot waive its jurisdictional requirements even in the face of "good cause."  Torres, 487 U.S. at 317.  Thus, we cannot notice the Lehners' equitable concerns--i.e., that they are now precluded from raising an appeal--in waiving the requirements of Rule 3(c).

14

In sum, the Lehners, as parties bound by the bankruptcy court's challenged decision, were required to name themselves as appellants in accordance with Rule 8001(a). We further conclude that the Lehners' failure to do so was not the result of clerical mistake or inartful pleading under either Rule 8001(a) or Rule 3(c). Accordingly, we affirm the district court's dismissal of the bankruptcy appeal.

B.

The Lehners alternatively assert that the district court abused its discretion in denying their motion to substitute themselves for United Refuse as parties to the appeal. The district court denied the motion without comment. We perceive no error in the district court's decision.

1.

We review the district court's denial of the Lehners' motion to substitute themselves for United Refuse in prosecuting the bankruptcy appeal for abuse of discretion. See Esposito v. United States, 368 F.3d 1271, 1273 (10th Cir. 2004) (internal citations omitted).

2.

Rule 17(a) of the Federal Rules of Civil Procedure provides, in relevant part:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest

15

> until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Fed. R. Civ. P. 17(a). On appeal, the Lehners simply assert that denial was inappropriate because they are the real parties in interest and that justice can only be served if the appeal is permitted to proceed. However, because the Lehners failed to raise these arguments before the district court, we deem them waived on appeal. In re Wallace and Gale Co., 385 F.3d 820, 835 (4th Cir. 2004) (failure to raise argument before the district court results in a waiver of that argument on appeal "absent exceptional circumstances"). Accordingly, we affirm the district court's disposition of the motion.


                              III.

     The district court's dismissal of the bankruptcy appeal and denial of the motion to substitute parties is affirmed in its entirety.

                                                 AFFIRMED

                               16