UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 31, 2006[*]
Decided June 1, 2006

**Before**

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-4327

| | |
|---|---|
| IN RE: PRINCE ADESEGUN FADAYIRO,<br>*Debtor*. | Appeal from the United States<br>District Court for the Northern<br>District of Illinois, Eastern Division |
| PRINCE ADESEGUN FADAYIRO,<br>*Plaintiff-Appellant*,<br><br>*v.* | No. 02 C 2483<br><br>James B. Zagel,<br>*Judge* |
| AMERIQUEST MORTGAGE COMPANY,<br>*Defendant-Appellee*. | |

**O R D E R**

Federal prisoner Prince Adesegun Fadayiro appeals the district court's dismissal of his bankruptcy appeal for want of prosecution. We vacate the dismissal and remand for further proceedings.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* Fed. R. App. P. 34(a)(2).

This is the second time the district court has dismissed Fadayiro's appeal from the bankruptcy court's unfavorable decision in his adversary action against Ameriquest. After Fadayiro filed a petition under Chapter 7 of the bankruptcy code, he sued Ameriquest (and other defendants not relevant here) claiming that Ameriquest improperly foreclosed on his condominium. The bankruptcy court dismissed the suit in December 2001 on the ground that Fadayiro had failed to serve Ameriquest with the complaint in a timely manner. Fadayiro appealed to the district court, which dismissed the appeal *sua sponte* with the explanation that his notice of appeal did not comply with Federal Rule of Bankruptcy Procedure 8001(a). We reversed that decision because Fadayiro had supplied all of the information Rule 8001(a) requires, even though he did not use the precise format prescribed by the official bankruptcy forms. *Fadayiro v. Ameriquest Mortg. Co.*, 371 F.3d 920, 922-23 (7th Cir. 2004). Our mandate issued on July 6, 2004.

Not until December 6, however, did the court or either party take further steps to resolve the appeal. On that day Ameriquest served Fadayiro with a motion to dismiss for failure to prosecute. The company filed that motion one week later on December 13, and set the matter for a hearing the very next day, December 14. At the beginning of the hearing, Ameriquest pointed out to the district court that Fadayiro had not yet responded to their motion. The court, however, responded:

> I am going to grant this motion without the necessity of a response. This is a case in which the appellant has failed to adhere to virtually every rule governing these appeals, and this is not like the prior failure, a simple failure of complete literal conformity. This is a failure simply to pursue an appeal; in my view, a classic case of failure to prosecute.

The court then granted Ameriquest's motion and adjourned the hearing; it later dismissed the appeal in a minute order that offers no further explanation.

Fadayiro principally argues that the dismissal was an abuse of discretion because the district court's ruling is not adequately explained and was entered without allowing him to appear telephonically or even to respond in writing to Ameriquest's motion. Fadayiro insists that he should not be faulted for his inaction because he "was only awaiting the action or directives of the district court" on how to proceed with his appeal after we overturned the previous dismissal. Moreover, he says, he could not go forward with the appeal until the district court resolved several motions that were still pending at the time of the first dismissal. We review a dismissal for failure to prosecute for abuse of discretion. *Sharif v. Wellness Intern. Network, Ltd.,* 376 F.3d 720, 725 (7th Cir. 2004).

Fadayiro is mistaken about the three motions he identifies as still pending. Those motions were filed in the bankruptcy court, not the district court. And the motions Fadayiro did file in the district court—one motion for appointment of counsel and one motion to proceed *in forma pauperis*—were both denied.

However, Fadayiro's argument that the district court failed to explain its reasons for dismissing the appeal has merit. Dismissals for want of prosecution should be limited to "extreme situations," *Maynard v. Nygren*, 332 F.3d 462, 567 (7th Cir. 2003); *Dunphy v. McKee*, 134 F.3d 1297, 1299 (7th Cir. 1998), and we require that district courts evaluate several factors before taking that drastic step, *see Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) (citing *Ball v. City of Chicago*, 2 F.3d 752, 759-60 (7th Cir. 1993)). As pertinent here, district courts should consider: (1) the frequency and magnitude of previous noncompliance with court deadlines; (2) the effect of past inaction on the court's calendar and time; (3) the prejudice to the other party, if any; and (4) the probable merit of the dismissed action. *Id.* (citing *Ball*, 2 F.3d at 759-60). These same considerations govern our review. *See Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998).

In once again dismissing Fadayiro's appeal, the district court did not undertake to analyze any but the first of these factors, at least as far as the record before us shows. *See Ball*, 2 F.3d at 755 ("[R]eversal is warranted . . . if it is plain either that the dismissal was a mistake or that the judge did not consider factors essential to the exercise of a sound discretion."). And as to the first factor, the court simply asserted that Fadayiro "failed to adhere to virtually every rule governing these appeals," but never did the court identify which rules he transgressed. Our review of the record discloses that, with a notable exception, it appears that Fadayiro did what he needed to do in the district court to proceed with his appeal; he filed with the clerk and served on Ameriquest both a designation of the items to be included in the appellate record and a statement of the issues to be presented, *see* Fed. R. Bankr. P. 8006; he entered his appearance as a *pro se* litigant, *see* Loc. R. 83.16(b); and he kept the district court apprised of changes in his address. We thus are left to speculate, as Ameriquest does in its brief, that the district court was referring to its standing order requiring that "Briefs on appeal from the United States Bankruptcy Court must be filed within 15 days of the entry of judgment by the Bankruptcy Court." This standing order, we note, is inconsistent with the Federal Rules of Bankruptcy Procedure; those rules give the appellant 15 days from the time his appeal is *docketed* in the district court to file an opening brief. *See* Fed. R. Bankr. P. 8009(a)(1) ("The appellant shall serve and file a brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007."). And the distinction is not trivial; the district court did not docket Fadayiro's appeal until two months after the bankruptcy court's decision became final, a period of delay that is not uncommon in bankruptcy proceedings. *See* 1 BANKRUPTCY LITIGATION &

PRACTICE: A PRACTITIONER'S GUIDE § 3.20[F], at 3-80 (Thomas J. Salerno & Jordan A. Kroops eds., 2006). Thus, we are skeptical of Ameriquest's position that noncompliance with the court's standing order could support the dismissal in this case. *See In re Dorner*, 343 F.3d 910, 913 (7th Cir. 2003) ("No local rule or standing order can supersede the Federal Rules of Bankruptcy Procedure.").

But the standing order aside, the fact remains that Fadayiro did not file a brief, and no matter the starting time for his deadline to file, his brief was long overdue when Ameriquest moved to dismiss. His inaction, Fadayiro explains, was due to his waiting for further instruction from the district court as to how it would like the litigants to proceed after we reinstated the appeal and remanded the case back to the district court. We do not find this explanation to be unreasonable, nor an indication of intentional delay or "contumacious conduct." *See Maynard*, 332 F.3d at 467. When we remanded this matter previously and issued our mandate, our final instructions were directed toward the district court itself, and not the litigants. *See The Youghiogheny & Ohio Coal Co. v. Milliken*, 200 F.3d 942, 951 (6th Cir. 1999) ("[T]he mandate is the 'official mode of communicating the judgment of an appellate court to a lower court, thereby directing action to be taken or disposition to be made of the cause by the trial court.'" (citation omitted)). It was therefore left to the district court as to how to proceed with the appeal, yet the record is devoid of any communication between the district court and the parties regarding how to proceed on remand. We cannot fault Fadayiro, a *pro se* litigant, for waiting instruction from the district court in the unusual situation of a remand from this court, especially since the court gave no warning that further delay in briefing the appeal would result in dismissal. *See Fischer v. Cingular Wireless, LLC*, No. 05-3391, 2006 WL 1133149, at *2 (7th Cir. May 1, 2006) ("The purpose of requiring a warning is not to entrap district judges but to make sure that the plaintiff is warned."). We thus conclude that, on these particular facts, the dismissal was an abuse of discretion.

The judgment is VACATED, and the matter is REMANDED to the district court for further proceedings consistent with this order. Each side shall bear its own costs.