NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 4, 2009*
Decided February 5, 2009

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 08-2313

| | |
|---|---|
| IN RE: | Appeal from the United States District |
|     FREDERICK VAUGHN GREENE | Court for the Northern District of Indiana, |
|     AND TERRI LYNN GREENE, | Fort Wayne Division. |
|         *Debtors-Appellants.* | |
| | No. 4:06-cv-105 |
| | |
| | William C. Lee, |
| | *Judge*. |

**ORDER**

Husband and wife Frederick and Terri Greene filed a complaint against the U.S. Department of Education (DOE) in their bankruptcy proceeding, claiming that their student loans should be discharged because their debt caused them undue hardship.  The case was

---

*After examining the briefs and the records, we have concluded that oral argument is unnecessary.  Thus, the appeals are submitted on the briefs and the records.  *See*  FED. R. APP. P. 34(a)(2).

transferred to the district court, and the district court granted the DOE's motion for summary judgment.  The Greenes appeal, and we affirm.

In 2005 the Greenes filed for Chapter 7 bankruptcy.  A bankruptcy judge discharged all of the Greenes' debt except their student loans.  *See* 11 U.S.C. §§ 727, 523(a)(8)(A)-(B).  One week before the bankruptcy court issued the discharge order, the Greenes filed a complaint in bankruptcy court against the DOE, claiming that their student loans, totaling $207,000, should also be discharged because of undue hardship.  *See* § 523(a)(8).  Specifically, the Greenes claimed that (1) the statute of limitations prohibited collection of their loans, (2) penalties and interest on the loans were caused by the DOE's negligence, and (3) the loans should be discharged as reparations for slavery and discrimination.

In bankruptcy court, the DOE responded by filing interrogatories, requests for admissions, and requests for production of documents, all asking the Greenes to respond within 30 days of receiving the requests.  *See* FED. R. CIV. P. 36(a)(3);  FED. R. BANKR. P. 7036.  The Greenes did not immediately respond but instead asked a district court to transfer the case from bankruptcy court to district court, *see* 28 U.S.C. § 157(d), because, they argued, the negligence and reparations claims fell outside the bankruptcy court's jurisdiction.  While that request was pending, the Greenes finally answered the DOE's requests for admissions although they missed the deadline for responding by two weeks.  The district judge transferred the case to the district court and referred the case to a magistrate judge to supervise further proceedings.

Once the case was in the district court, the DOE continued the discovery process, deposed the Greenes, and moved for summary judgment.  In response to the DOE's motion, the Greenes submitted affidavits outlining Terri Greene's ancestral connection to slaves and Frederick Greene's assertions that he was "used" by his university to "resolve their problem of segregation" and that he was "steered" to an inferior law school because of his race.

In a lengthy report, the magistrate judge recommended that summary judgment be granted in favor of the DOE.  He concluded that the affidavits did not state a claim of discrimination against the DOE and that the court should strike the Greenes' answers to the admissions as untimely and deem that the admissions be admitted as true, including an admission that the Greene's student debt was not an undue hardship.  Based on this admission, the magistrate judge recommended that the district judge grant summary judgment in favor of the DOE.  The district judge adopted the magistrate judge's recommendation and granted the motion.

On appeal, the Greenes argue that the district judge erred when he (1) refused to admit their untimely answers to the requests for admissions and (2) admitted unanswered

admissions conceding that repayment of their student debt would not impose an undue burden, *see* 11 U.S.C. § 523(a)(8). Specifically, the Greenes contend that the law is unclear as to the period of time within which litigants must respond to requests for admissions. We review the district court's refusal to admit the Greenes' answers for an abuse of discretion. *See Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1059 (7th Cir. 2000).

We agree with the DOE that the district court did not abuse its discretion when it admitted the statements in the requests for admissions. Under Federal Rule of Civil Procedure 36(a)(3), a statement in a request for admission is deemed admitted if not responded to within 30 days of service. *Fabriko Acquisition Corp. v. Prokos,* 536 F.3d 605, 607 (7th Cir. 2008); *McCann v. Mangialardi*, 337 F.3d 782, 788 (7th Cir. 2003); *see also* FED. R. BANKR. P. 7036 (applying FED. R. CIV. P. 36 to bankruptcy court); *In Re Carney*, 258 F.3d 415, 418 n.4 (5th Cir. 2001)(same). It is undisputed that the Greenes answered the DOE's requests for admissions after the 30-day deadline. And their pro se status does not afford the Greenes the right to ignore rules and procedural requirements. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2002). Moreover, as the DOE points out, the Greenes never moved to withdraw the admissions, and therefore the district court's decision to strike their answers was not an abuse of discretion. *See* FED. R. CIV. P. 36(b); *Kalis,* 231 F.3d at 1059 (7th Cir. 2000).

The Greenes also assert, without citation to authority, that the admitted statements should not have survived the transfer of the case from bankruptcy court to district court. As the DOE points out, this assertion reflects a misunderstanding of the relationship between the bankruptcy court and district court. Bankruptcy judges and district judges sit on a "unified court," and district judges have both the power to refer matters to bankruptcy judges and the authority to transfer a bankruptcy case back to district court. *See* 28 U.S.C. § 157; *In re Dorner*, 343 F.3d 910, 914 (7th Cir. 2003). When the Greenes' case was transferred to the district court, it did not become a new case—rather it was simply transferred to a different unit of the same court. *See* 28 U.S.C. § 151. The record, including the admissions, was transferred with it.

The Greenes next argue that the district court did not consider their affidavits—documents that they insist support their discrimination claim against the DOE. These documents, they assert, show that Frederick was "steered" towards Kentucky State University, a historically black college, and was not advised to apply to "top 20" law schools. Both the magistrate judge and district judge, however, analyzed the Greenes' affidavits at great length to assess whether the Greenes stated a claim for discrimination. As the district judge pointed out, the assertions in the affidavits, which describe the Greenes' ancestral ties to slaves and allege racial bias on the part of their undergraduate institutions, do not identify any specific instances of discrimination by the DOE.

Finally, the Greenes argue that the district court erred when it refused to allow them to assert claims that they raised in their complaint as affirmative defenses to the DOE's collection of the loans. These claims include the contention that the DOE's own negligence triggered loan penalties and interest as well as the argument that the loans should be discharged as reparations for slavery. The district court refused to consider their claims as affirmative defenses, citing Federal Rule of Civil Procedure 8(c), which provides that affirmative defenses may be raised "in responding to a pleading," and observing that the Greenes' complaint could not be responsive since it was the initial pleading in this case. The Greenes cite to one case, *Nat'l Union Fire Ins. of Pittsburgh, PA v. City Savings*, 28 F.3d 376 (3d Cir. 1994), to support their theory that their claims count as affirmative defenses, but that case involved affirmative defenses to a counterclaim. The Greenes initiated this case and the DOE has not counterclaimed or sought any judgment with respect to the student debt. Until the DOE attempts to collect the debt, there is no actual controversy presented for decision. *See Wisc, Cent. Ltd. v. Shannon*, 539 F.3d 751, 759 (7th Cir. 2008).

Accordingly, the district court's grant of summary judgment is AFFIRMED.