BRICKLAYERS, MASONS AND PLASTERERS INTERNATIONAL UNION OF AMERICA, LOCAL NO. 1, an unincorporated association, and International Association of Bridge, Structural and Ornamental Iron Workers, Local Union No. 24, an unincorporated association, Plaintiffs,

v.

Francis SPERANDEO, as the Regional Director of the National Labor Relations Board, Defendant.

Civ. A. No. C–2585.

United States District Court, D. Colorado.

Feb. 3, 1971.

Philip Hornbein, Jr., and Roy O. Goldin, Denver, Colo., for plaintiffs.

Arnold Ordman, Gen. Counsel, N. L. R. B., Washington, D. C., and W. Bruce Gillis, Regional Atty., N. L. R. B., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

CHILSON, District Judge.

This is an action by the plaintiff unions to restrain the defendant as the Regional Director of the National Labor Relations Board from proceeding to consider a written charge by Buehner Schokbeton Company, a limited partnership, filed pursuant to 29 U.S.C. § 160(b), alleging that the plaintiff unions had induced employees of the partnership to refuse to perform their work, and that the purpose of such action was to force and require the partnership to assign the work of installing exterior pre-cast panels to employees of the plaintiff unions, rather than to employees of the Carpenters Union.

The basis of the complaint for injunctive relief is 29 U.S.C. § 160(k) which reads as follows:

"Whenever it is charged that any person has engaged in an unfair labor practice within the meaning of paragraph (4) (D) of section 8(b), the Board is empowered and directed to hear and determine the dispute out of which such unfair labor practice shall have arisen, unless, within ten days after notice that such charge has been filed, the parties to such dispute submit to the Board satisfactory evidence that they have adjusted, or agreed upon methods for the voluntary adjustment of, the dispute. Upon compliance by the parties to the dispute with the decision of the Board or upon such voluntary adjustment of the dispute, such charge shall be dismissed."

The complaint alleges " * * * that plaintiffs have submitted to the defendant, satisfactory evidence that the labor organizations which are parties to the aforesaid purported jurisdictional dispute, have agreed upon a method for the voluntary adjustment thereof, to wit, by submission for decision to the said National Joint Board * * * "; and that nevertheless, the defendant intends to conduct a hearing concerning the jurisdictional dispute.

The complaint does not allege that Buehner Schokbeton has agreed to this method for the voluntary adjustment of the dispute.

The defendant filed a motion to dismiss and briefs in support of and in opposition to the motion have been filed and considered by the Court.

The defendant contends that Buehner Schokbeton is a party to the dispute and it has not agreed to settle the dispute by submission to the National Joint Board and therefore the National Labor Relations Board is not ousted of jurisdiction by 29 U.S.C. § 160(k).

At page 11 of its brief, the National Labor Relations Board states:

"The Courts of Appeals have accepted the view that it is the Board's duty to determine the jurisdictional dispute under Section 10(k) (29) U.S.C. § 160(k)) if the employer involved in the dispute has not agreed to be bound by an alternative method of adjustment."

We believe this to be a reasonable construction of the statute. Since the complaint does not allege that Buehner Schokbeton has agreed upon a method for the voluntary adjustment of the dispute, it would appear the motion to dismiss has a sound basis.

However, the plaintiffs' brief in opposition to the motion to dismiss has attached to it a letter dated January 2, 1970, from counsel for Buehner Schokbeton to Mr. Hornbein, one of the attor-

neys for plaintiffs, which may or may not constitute an agreement by Buehner Schokbeton to settle the dispute by the means alleged in the complaint.

There is here involved a question of fact, namely, did Buehner Schokbeton and the plaintiffs "submit to the Board satisfactory evidence that they have adjusted, or agreed upon methods for the voluntary adjustment of the dispute."

If Buehner Schokbeton has so agreed, this fact should be communicated to the defendant and thereupon the defendant, in accordance with the statute, should dismiss the charge pending before the Board, but if the answer to the factual question is in the negative, the complaint in this action should be dismissed. If the answer to the question is in dispute, it should be determined in this action.

It is therefore ordered that the motion to dismiss the complaint is denied, and the defendant shall further plead to the complaint within fifteen days from this date.