In re FRONTIER AIRLINES, INC., et al.,

FORMER FRONTIER PILOT LITIGATION STEERING COMMITTEE, INC., Appellant,

v.

FRONTIER AIRLINES, INC., et al., Appellees.

Civ. A. No. 89–K–676.
Bankruptcy No. 86 B 8021 E.

United States District Court, D. Colorado.

Dec. 8, 1989.

---

4. It is undisputed that the Winkel Group made no Rule 8002 motion for an extension of time.

Kenneth A.B. Roberts, Bosworth & Associates, Denver, Colo. and Kevin P. McBride, Salt Lake City, Utah, for appellant.

Carl A. Eklund, Faegre & Benson, Frances A. Koncilja, Morrison & Foerster, Denver, Colo., Bruce R. Zirinsky, Weil, Gotshal & Manges, New York City, and Michael E. Katch, Katch, Anderson · & Wasserman, Denver, Colo., for appellees/debtors.

1. The Bunn Group consists of Ann Bunn, Marybelle Hoffman, Eva M. Schiele and Nancy M.

## ORDER ON MOTION TO STRIKE

KANE, Senior District Judge.

■ On April 17, 1989, the Former Frontier Pilot Litigation Steering Committee, Inc. filed its notice of appeal of the bankruptcy court's April 7, 1989 order confirming Frontier's Third Amended Consolidated Plan of Reorganization. On September 11, 1989, the Bunn Group,[1] appearing pro se, filed its notice of joinder to this appeal. It is undisputed that the group filed no separate notice of appeal, nor did it move for an extension of time in which to appeal. Frontier has therefore moved to strike the Bunn Group's attempted joinder.

Bankruptcy Rule 8001(a) provides,

An appeal from a final judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy panel shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002.... The notice of appeal ... shall contain the names of all parties to the judgment, order or decree appealed from....

The rules for filing a notice of appeal are mandatory and jurisdictional. *See National Acceptance Corp. of Am. v. Price (In re Colorado Energy Supply, Inc.),* 728 F.2d 1283, 1285 (10th Cir.1984).

■ The Bunn Group claims that Rule 19 of the Federal Rules of Civil Procedure permits it to join the appeal at this late date. The group's reliance on the Federal Rules of Civil Procedure is misplaced. While these rules apply to civil suits in district court, they do not apply in bankruptcy proceedings unless the Supreme Court specifically makes them applicable. Fed.R.Civ.P. 81(a)(1). Bankruptcy Rule 7019 makes Fed.R.Civ.P. 19 applicable to adversary proceedings in bankruptcy; however, this is not an adversary proceeding, it is a bankruptcy appeal. *Compare* Bankr.R. 7001–87 (Part VII of the Rules) *with* Bankr.R. 8001–19 (Part VIII of the

Martinez.

Rules). Rule 19 is therefore inapposite.[2]

 The Bunn Group also argues that it should be deemed to appeal every order of the bankruptcy court that is tangentially related to the court's approval of a Job Partnership Agreement (JPA).[3] A bankruptcy case is not like a civil case—often there are many parts of the proceedings which can be appealed to the district court while other matters continue to be litigated by the bankruptcy court. *See generally In re Hospital Gen. San Carlos, Inc.*, 83 B.R. 870, 873 (D.P.R.1988). While the Bunn Group may think it unfair and a waste of time to file a separate notice of appeal each time the bankruptcy court enters a final order with which it disagrees, fundamental fairness requires that opposing parties and the court receive timely notice when a party desires to initiate an appeal. The group's pro se status does not suspend the requirement that it comply with the jurisdictional rules relating to notices of appeal. *See Bolden v. Odum*, 695 F.2d 549, 550 (11th Cir.1983). To hold otherwise would eliminate the finality of bankruptcy orders and frustrate the central policy of the bankruptcy laws to promote the expedient administration of the bankrupt estate. *See Galt v. Jericho–Britton (In re Nucorp Energy, Inc.)*, 812 F.2d 582, 584 (9th Cir.1987).

 Accordingly, because the Bunn Group has filed no notice of appeal in this case, Frontier's motion to strike the group's attempted joinder in this appeal is GRANTED.

---

**2.** The Bunn Group's apparent reliance on *Bricklayers Int'l Union Local No. 1 v. NLRB*, 322 F.Supp. 284 (D.Colo.1971), is likewise unhelpful. Rule 19 is not discussed in this opinion, nor any other matters relevant to this appeal.

**3.** The group has directly appealed the bankruptcy court's October 17, 1989 approving the JPA. That appeal is pending before me.