21 F.3d 1120
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re BLINDER, ROBINSON & COMPANY, INC., Debtor,
SECURITIES INVESTOR PROTECTION CORPORATION, Plaintiff,
v.
BLINDER, ROBINSON & COMPANY, INC., Defendant,
and
Glen E. KELLER, Jr., Trustee, Appellee.
 No. 94-1034.
 United States Court of Appeals,
Tenth Circuit.
 April 22, 1994.
 
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant, George T. Dib, appearing pro se, appeals from the district court's dismissal of an appeal of the bankruptcy court's order which denied Dib's motion to reconsider his customer claim dispute in the core liquidation case of In re Blinder, Robinson & Co., Inc., Ch. 7 Case No. 90-12654, Adv. No. 90-1170 (D. Colo. Oct. 20, 1993).
 
 
 3
 The sole issue on appeal is whether the district court erred in its determination that it lacked jurisdiction over this appeal because appellant had failed to comply with Fed. R. Bankr.P. 8001(a) when he filed his notice of appeal.
 
 
 4
 Rule 8001(a) sets forth that an appeal from a final judgment of the bankruptcy court:
 
 
 5
 ... shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002. Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal. The notice of appeal shall conform substantially to the appropriate Official Form [here, Form 17], shall contain the names of all parties to the judgment, order, or decree appealed from and the names, addresses and telephone numbers of their respective attorneys, and be accompanied by the prescribed fee....
 
 
 6
 Rule 8001(a) grants the district court broad discretion to take any appropriate action, including dismissal of the appeal, for failure to comply with non-jurisdictional steps. See Matter of Bulic, 997 F.2d 299, 301 (7th Cir.1993). However, the failure to name a party in the notice of appeal goes directly to jurisdiction. Storage Technology v. U.S. District Court for the District of Colo., 934 F.2d 244, 247 (10th Cir.1991). "The failure to name a party is more than excusable 'informality'; it constitutes a failure of that party to appeal." Torres v. Oakland Scavenger Co., 487 U.S. 312, 314 (1988) (interpreting Fed. R.App. P. 3(c)). Our court has applied the Torres rationale to bankruptcy appeals. Storage Technology, 934 F.2d at 247-48; In re Woosley, 855 F.2d 687, 688 (10th Cir.1988). Moreover, the strict jurisdictional requirements for notices of appeal, pursuant to Rule 8001(a), are applicable to pro se litigants. In re Frontier Airlines, Inc., 108 B.R. 277, 279 (D. Colo.1989).
 
 
 7
 Dib's notice of appeal named Blinder, Robinson & Co., Inc. as debtor, Securities Investor Protection Corp. as plaintiff, and Blinder, Robinson & Company as defendant. The district court found that this notice (1) does not contain the names of all parties to the judgment; (2) does not contain the names of the attorneys for the parties; (3) does not contain the address and telephone number of Dib as a pro se litigant; (4) does not contain the address and telephone numbers of the attorneys for the appellee or appellee' and (5) does not substantially conform with Official Form 17.
 
 
 8
 Because the notice of appeal does not contain the names of the parties to the judgement we hold that the district court did not have jurisdiction over this appeal. In so doing, we need not decide whether the other defects in the notice of appeal would be sufficient to deny the district court jurisdiction.
 
 
 9
 We AFFIRM.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470