# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2012

No. 11-10781
Summary Calendar

Lyle W. Cayce
Clerk

In the Matter of: DLH MASTER LAND HOLDING, L.L.C.; ALLEN CAPITAL PARTNERS, L.L.C.,

                                                    Debtors

-----------------------------------------------------------------------

BANK OF AMERICA, N.A.,

                                                    Appellant

v.

ALLEN CAPITAL PARTNERS, L.L.C.; THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,

                                                    Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-757

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10781

On appeal, Bank of America ("BOA") challenges the district court's order affirming the bankruptcy court's denial of BOA's motion to permit late filing of proof of claim. Upon consideration and review of the record before us, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

On January 25, 2010, DLH Master Land Holdings, L.L.C. ("DLH") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On January 26, 2010, the bankruptcy court issued a *Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines*. This *Notice* clearly established, *inter alia*, the Bar Date[1] of June 2, 2010.

On February 4, 2010, BOA received the *Notice*, but did not notify Snell & Wilmer[2] of the bankruptcy case until "late May, early June." On June 1, 2010, Snell & Wilmer filed its notice of appearance, but was directed by BOA to focus its attention on the non-debtor affiliates as co-debtors on the obligations owed to BOA.

On July 14, 2010, forty-two days after the expiration of the Bar Date, BOA filed its original proof of claim.[3] On November 3, 2010, BOA filed its motion to permit late filing of proof of claim, arguing that the forty-two day delay in filing its proof of claim resulted from a miscommunication within the firm of its outside counsel and that it should not be penalized for its counsel's mistakes. BOA also asserts that allowing it to file its late proof of claim would not prejudice the debtor because the debtor has been aware of BOA's claim since the beginning of the bankruptcy proceeding. As representative of the unsecured creditors, the Official Committee of Unsecured Creditors ("OCUC") filed its

---

[1] The Bar Date is the date by which all creditors must file their proof of claim in order to be treated as a creditor.

[2] The California law firm of Snell & Wilmer was hired to represent BOA in the bankruptcy case.

[3] BOA later amended its proof of claim reducing the amount of the claim.

No. 11-10781

objections to BOA's motion.  On January 20, 2011, the bankruptcy court held an evidentiary hearing to consider BOA's motion and OCUC's objections.

On February 10, 2011, the bankruptcy court issued its order denying BOA's motion to permit late filing of proof of claim.  The bankruptcy court stated:

> The facts presented to the Court at the hearing on this motion do not represent the typical "client being penalized for counsel's mistake" scenario, but instead show a situation where Bank of America received multiple notices of the bar date for filing its proof of claim, and failed to inform counsel of this bar date at the time that it engaged it to monitor this case. Bank of America had notice of the bar date well in advance of the deadline; and therefore, there is inadvertence on the part of the bank, not counsel, which acted promptly in filing a proof of claim once it discovered the error. As stated in the objection filed by the Unsecured Creditors' Committee, *Pioneer* would suggest that mere inadvertence is not enough to meet the excusable neglect standard. Bank of America did not meet its burden of proof and its motion must be denied.

On February 22, 2011, BOA appealed to the district court.  *See* 28 U.S.C. § 158(a)(1).  The only issue on appeal to the district court was whether the bankruptcy court abused its discretion in denying BOA's motion to permit late filing of proof of claim.  After reviewing the evidence, the district court entered its order affirming the bankruptcy court's denial of BOA's motion.

## DISCUSSION

On appeal, BOA claims that the district court erred in affirming the bankruptcy court's finding that BOA's inadvertence did not constitute "excusable neglect."

The district court, sitting as an appellate court, reviews a bankruptcy court's denial of a motion to permit late filing of proof of claim for an abuse of discretion. *Pioneer Inv. Serv. Co. v. Brunswick Assoc., L.P.*, 507 U.S. 380, 395 (1993). "We review the decision of a district court, sitting as an appellate court,

No. 11-10781

by applying the same standard of review to the bankruptcy court's findings of fact and conclusions of law as applied by the district court." *In re Entringer Bakeries, Inc.*, 584 F.3d 344, 348 (5th Cir. 2008).

In order to obtain permission to file a proof of claim after the Bar Date, the movant has the burden of establishing "excusable neglect" under Federal Rule of Bankruptcy Procedure 90006(b)(1). When determining whether the movant has met its burden, we are to consider "all relevant circumstances surrounding the party's omission." *Pioneer Inv. Serv. Co.*, 507 U.S. at 395. When considering the relevant circumstances surrounding the party's omission, the court should look to: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* ("*Pioneer* Test"). In order to reverse the bankruptcy court's denial of BOA's motion to permit late filing of proof of claim, the bankruptcy court must have based its findings on a clearly erroneous view of the evidence or the law. *Id.*

Under the *Pioneer* test, the bankruptcy court found that BOA's inadvertence did not rise to the level of "excusable neglect." While the bankruptcy court did not provide a detailed or lengthy analysis, it is evident that BOA did not meet its burden. The district court made this clear in its August 2, 2011, order affirming the bankruptcy court.

Because the district court correctly found that BOA failed to show that the bankruptcy court abused its discretion in denying its motion to permit late filing of proof of claim BOA is not entitled to relief. Therefore, the district court's order affirming the bankruptcy court's denial of BOA's motion to permit late filing is AFFIRMED.