NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0840n.06

**FILED**

No. 11-1848

AUG   6 2012

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**LEONARD GREEN, Clerk**

In re: EDGAR JULIAN DIETRICH,                    )
                                                 )
        Debtor.                                  )
-----------------------                          )
                                                 )
EDGAR JULIAN DIETRICH,                           )
                                                 )    ON  APPEAL  FROM  THE
        Appellant,                               )    UNITED  STATES  DISTRICT
                                                 )    COURT  FOR  THE  EASTERN
        v.                                       )    DISTRICT OF MICHIGAN
                                                 )
PETER K. TIERNAN, M.D.,                          )
                                                 )
        Appellee.                                )

BEFORE:  ROGERS, KETHLEDGE, Circuit Judges, and MARBLEY, District Judge.*

        ROGERS, Circuit Judge.  This appeal involves two separate bankruptcy court proceedings:

(1) Edgar Dietrich's main bankruptcy case, and (2) a separate adversary proceeding brought by Peter

Tiernan, one of Dietrich's creditors.  The bankruptcy court entered an order to compromise in

Dietrich's main bankruptcy case, his appeal from which was dismissed by the district court.  Later,

the district court dismissed an appeal from the adversary proceeding, because the district court

refused to reach the same order to compromise from the main bankruptcy case in that appeal.

Dietrich appeals from the dismissal from the adversary proceeding, again attacking the compromise

---

*The Honorable Algenon L. Marbley, United States District Judge for the Southern District
of Ohio, sitting by designation.

order. The scope of this appeal does not encompass the compromise order, since it was issued and appealed in the main bankruptcy case, and Dietrich presents no reason to overturn those orders that *are* subject to the instant appeal.

Tiernan obtained a $2,193,314.89 judgment against Dietrich in state court on a legal malpractice claim. Dietrich then filed for Chapter 11 bankruptcy, which the bankruptcy court converted to a Chapter 7 bankruptcy on January 12, 2009. This main bankruptcy proceeding is labeled Case Number 08-68294 in the bankruptcy docket.

On February 10, 2010, the bankruptcy court issued an order approving a compromise of claim in the main bankruptcy case. The order sought to effect a compromise between Tiernan and the trustee of the bankruptcy estate. Among other things, the district court ordered that Dietrich's interest in the state court appeal of the legal malpractice suit be transferred to Tiernan, so that Tiernan could dismiss the appeal. Dietrich filed a notice of appeal regarding the order in the district court. However, Dietrich failed to file the record on appeal, the statement of issues presented, or a brief within the requisite time. The district court dismissed the case on November 9, 2010, for failing to comply with the Federal Rules of Bankruptcy Procedure. Dietrich did not appeal that decision.

The adversary proceeding began on July 24, 2009, when Tiernan filed an adversary case in bankruptcy court against Dietrich, alleging that Dietrich was using alter-ego companies and fraudulent property transfers to conceal his assets. This adversary proceeding is labeled Case Number 09-05540 in the bankruptcy docket. Tiernan's complaint contained four counts, but the

bankruptcy court granted summary judgment in Dietrich's favor on one of the counts on February 4, 2010, leaving three remaining counts for trial in the adversary proceeding.

On March 25, 2010, Tiernan filed a motion for default judgment in the adversary case. Tiernan alleged that Dietrich and his family had demonstrated an unwillingness to comply with discovery requests, including repeatedly failing to appear for depositions. Tiernan requested sanctions that included a default judgment in his favor on the remaining claims in his complaint, pursuant to Fed. R. Civ. Proc. 37(b). The bankruptcy court entered a default judgment in Tiernan's favor on those three counts on June 3, 2010. Dietrich did not appeal the judgment at that point, and instead filed a motion to vacate, which the bankruptcy court denied on November 23, 2010 because "Dietrich has not presented any arguments not already ruled upon."

Dietrich appealed the denial of the motion to vacate in the adversary case to the district court, which dismissed the appeal on June 20, 2011. The district court noted that though the appeal purported to challenge the denial of the motion to vacate, "the majority of Dietrich's brief is spent challenging the February 10, 2010 order [to compromise]" in the main bankruptcy case, which had already been appealed. Since Dietrich offered "no basis for reversing the decision reached in the prior appeal," the district court did not consider the February 10 order further. As for the November 23 order in the adversary case, the district court held that Dietrich's appeal lacked merit. It pointed out that his brief "makes no argument as to how the Bankruptcy Court erred in denying the Motion to Vacate," and so there was no basis for reversal. Dietrich appeals.

As in the district court, Dietrich spends the entirety of his brief on appeal arguing that the February 10 order in the main bankruptcy case was inappropriate. But this appeal does not include that order in its purview for a number of reasons. First, the February 10 order appeared in the main bankruptcy case, not the adversary proceeding from which this appeal arises. In these circumstances, the main bankruptcy case and adversary proceeding must be treated as distinct for the purpose of appeal. They have separate docket numbers, separate issues, and separate parties. Dietrich argues that "bankruptcy law is well settled that a bankruptcy case and related adversary proceedings comprise one single case," but offers almost no case law from our circuit to support his assertion. In the only case he does cite, *In re McLaren*, 990 F.2d 850 (6th Cir. 1993), the issue was whether the bankruptcy court had jurisdiction under 28 U.S.C. § 157 to adjudicate a suit by a third-party creditor in a Chapter 11 case. The court declared that it did, because such proceedings fit into the statute's definition of "core proceedings." *McLaren*, 990 F.2d at 853. Dietrich asks us to take the *McLaren* court's conclusion that an adversary proceeding may be a "core proceeding" for purposes of district court jurisdiction, and interpret it to mean that an adversary proceeding is part of the "core" of a bankruptcy case for purposes of appeal. This is a tortured reading of the case law that makes no sense, and the cases Dietrich brings from other circuits are similarly not on point.

Second, Dietrich argues that though the November 23 order appears only on the adversary proceeding docket, it is a final order in the main bankruptcy case, and so its appeal includes all underlying issues. It is generally true that an appeal from a final judgment brings into its purview previous interlocutory orders, but the rule applies to orders in the same case. Moreover, appeals

from rulings on motions for relief from judgment under Fed. R. Civ. Proc. Rule 60(b) "do[] not bring up the underlying judgment for review." *Browder v. Dir., Dept. of Corr. of Illinois*, 434 U.S. 257, 263 n.7 (1978); *see also Jinks v. Alliedsignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). Since the November 23 order is such a ruling, even the June 3 order should not be examined in the appeal, much less the totally unrelated February 10 order. Dietrich's argument is further weakened by the fact that, as already explained, the November 23 order from which he appeals does not appear on the main bankruptcy case docket, but only on the adversary proceeding docket.

Finally, since Dietrich has already appealed the February 10 order in the main bankruptcy proceeding, he is not entitled to another chance to do so. He offers no argument as to why the district court's dismissal of his appeal in the main bankruptcy case should be set aside, nor why he should be allowed to argue regarding issues already dismissed. The district court was right not to consider the February 10 order in its discussion.

As for the November 23 order that is in fact the subject of this appeal, Dietrich offers no briefing regarding its appropriateness, nor does he allege any clear error on the part of the bankruptcy court in issuing it. Dietrich has waived any arguments regarding the order from which he actually appeals.

We affirm the judgment of the district court.