# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-31085

United States Court of Appeals
Fifth Circuit

**FILED**
September 1, 2017

Lyle W. Cayce
Clerk

In the Matter of: MICK DORSEY

>       Debtor

MICK DORSEY,

>       Appellant

v.

UNITED STATES DEPARTMENT OF EDUCATION; EDUCATIONAL CREDIT MANAGEMENT CORPORATION,

>       Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana

Before SMITH, OWEN, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

Debtor-Appellant Mick Dorsey appeals the district court's determination that it lacked jurisdiction to consider Dorsey's appeal of the bankruptcy court's decision in Dorsey's adversary proceeding. Dorsey also appeals the bankruptcy court's decision to reopen his main bankruptcy proceeding to allow the United States Department of Education ("DOE") and Educational Credit Management Corporation ("ECMC") to file proofs of claim. We affirm.

No. 16-31085

I

In March 2013, Dorsey instituted a Chapter 7 bankruptcy proceeding (the "main bankruptcy") seeking to discharge more than $116,000 of student loan debt. After determining that Dorsey had no assets to distribute, the bankruptcy court granted him a general discharge on July 10, 2013. The bankruptcy court closed the case in October 2013.

Before being granted the general discharge in the main bankruptcy case, Dorsey filed an adversary proceeding against DOE and United Student Aid Funds, Inc. Dorsey asserted that his student loans were dischargeable as an undue hardship under 11 U.S.C. § 523(a)(8) because a mental health issue did not allow him to work consistently. ECMC appeared in the adversary proceeding, representing that it had an interest in the bankruptcy estate. From 2013 to 2015, the parties litigated the adversary proceeding. As part of that proceeding, Dorsey twice filed proper notices of appeal in the district court.

Prior to trial in the adversary proceeding, both DOE and ECMC moved to reopen the main bankruptcy proceeding to file proofs of claim. The bankruptcy court granted the motions. In response, Dorsey filed a third notice of appeal. This final notice of appeal related to only the main bankruptcy case, not the adversary proceeding: the caption referred to only the main bankruptcy case's docket numbers and the body of the document referenced the orders reopening the case.

After Dorsey filed his notice of appeal in the main bankruptcy case, the adversary trial was held, although Dorsey failed to appear. Ultimately, the bankruptcy court denied Dorsey a discharge from his student loan obligations. In response, Dorsey moved to amend his statement of issues and designation of record in the main bankruptcy appeal. Dorsey's proposed amendment added issues related to the adversary proceeding to the statement of issues and designated the entire adversary proceeding as part of the record. The district

No. 16-31085

court granted the motion.

On August 12, 2016, the district court issued its decision. The court found that it did not have jurisdiction to consider issues from the adversary proceeding because Dorsey failed to file a timely notice of appeal in that case. The district court then held that the bankruptcy judge did not err in the main bankruptcy proceeding when she reopened the case to allow the filing of proofs of claim. Dorsey timely appealed.

II

The failure to file a timely notice of appeal in a bankruptcy case deprives both the district court and this court of jurisdiction. *See Smith v. Gartley (In re Berman-Smith)*, 737 F.3d 997, 1003 (5th Cir. 2013). Generally, a party has fourteen days to file a notice of appeal. Fed. R. Bankr. P. 8002. The order in the adversary proceeding was issued on December 16, 2015, and the time for filing an appeal has now lapsed. Accordingly, unless Dorsey has already filed a notice of appeal sufficient to confer jurisdiction over the adversary proceeding, no court has jurisdiction to review that proceeding. Dorsey could theoretically point to two documents that might constitute notices of appeal in the adversary case: the notice of appeal in the main bankruptcy proceeding and the amended statement of issues and designation of record that referenced issues and documents arising in the adversary case. We hold that neither document appealed the adversary proceeding.

Dorsey filed a proper notice of appeal in the main bankruptcy proceeding. But that notice of appeal could not serve as a notice of appeal in the adversary proceeding. As the Sixth Circuit explained in refusing to consider an issue arising in the main bankruptcy proceeding in the appeal of the adversary proceeding: "[T]he main bankruptcy case and adversary proceeding must be treated as distinct for the purpose of appeal. They have separate docket numbers, separate issues, and separate parties." *Dietrich v. Tiernan (In re*

*Dietrich)*, 490 F. App'x 802, 804 (6th Cir. 2012) (unpublished); *see also Dzikowski v. Boomer's Sports & Rec. Ctr.* (*In re Boca Arena, Inc.)*, 184 F.3d 1285, 1286 (11th Cir. 1999) ("In bankruptcy, adversary proceedings generally are viewed as 'stand-alone lawsuits,' and final judgments issued in adversary proceedings are usually appealable as if the dispute had arisen outside of bankruptcy."). Refusing to treat a notice of appeal in the main case as a notice of appeal in the adversary case makes sense because adversary proceedings are discrete judicial units. *See La. World Exposition, Inc. v. Fed. Ins. Co. (In re La. World Exposition, Inc.)*, 832 F.2d 1391, 1396 (5th Cir. 1987); *Smith v. Seaside Lanes (In re Moody)*, 825 F.2d 81, 85 (5th Cir. 1987); *see also United States v. Peel,* 595 F.3d 763, 768–69 (7th Cir. 2010) ("An adversary proceeding is thus part of the bankruptcy but it is not the bankruptcy case itself, as illustrated by the fact that the dismissal of an adversary proceeding is an appealable final order even though the bankruptcy case continues."). Accordingly, the district court correctly refused to treat the notice of appeal in the main bankruptcy case as a notice of appeal in the adversary proceeding. *See, e.g.*, *In re Taylor*, 98 CIV. 9205 (DC), 1999 WL 777955, at *4 (S.D.N.Y. Sept. 30, 1999) (holding that a notice of appeal filed in an adversary proceeding could not appeal the main proceeding).

Likewise, the amended statement of issues and designation of record did not appeal the adversary proceeding. In a bankruptcy case, "[t]he notice of appeal must: (A) conform substantially to the appropriate Official Form; (B) be accompanied by the judgment, order, or decree, or the part of it, being appealed; and (C) be accompanied by the prescribed fee." Fed. R. Bankr. P. 8003(3). Because timely filing a notice of appeal is jurisdictional, failure to file a notice of appeal within the meaning of Rule 8003 during the proper time period defeats jurisdiction. *See Alexander v. Alexander (In re Alexander)*, 472 B.R. 815, 824 (B.A.P. 9th Cir. 2012). Courts are divided over whether technical

failures to follow the requirements of Rule 8003 must defeat jurisdiction. *Compare Alexander*, 472 B.R. at 824; *Blinder, Robinson & Co v. Keller (In re Blinder, Robinson & Co.)*, 21 F.3d 1120 (10th Cir. 1994) (unpublished), *with Fadayiro v. Ameriquest Mortg. Co.*, 371 F.3d 920, 922 (7th Cir. 2004).  However, even courts that do not require strict compliance with Rule 8003(3) recognize that some documents are not notices of appeal.  *See Fadayiro,* 371 F.3d at 922 ("We are doubtful that a notice of appeal that failed to indicate the order appealed from could nonetheless be thought to comply with the rule.").  And that makes sense.  Timely filing of a notice of appeal is a jurisdictional prerequisite to appellate review.  *Smith*, 737 F.3d at 1003.  For the prerequisite to maintain its jurisdictional teeth, not every document filed following the entry of a final judgment in bankruptcy court can be a notice of appeal.  *See, e.g.*, *Colvin v. Amegy Mortg. Co.*, LLC, 537 B.R. 310, 316 (W.D. Tex. 2015) ("However liberal the standard may be for interpreting notices of appeal in the Fifth Circuit, it certainly does not allow for one to plead the opposite of what [one] means.  If this Court interpreted the notice of appeal to fairly infer an appeal of the First Dismissal Order, it would be lowering the standards so low they would lose all meaning.").

The amended statement of issues and designation of record cannot fairly be called a notice of appeal within the meaning of Rule 8003(3).  First, the document does not purport to be a notice of appeal.  Second, the document does not substantially comply with the Official Form because Dorsey listed only the parties to the main bankruptcy appeal, and did not specifically name the parties in the contemplated adversary appeal.  *See* Fed. R. Bankr. P. 8003(3)(A).  Dorsey's motion lists the two Defendants in the main bankruptcy appeal as parties to be served, but it does not indicate that they, or indeed anybody (including any of the other parties in the bankruptcy case), would be the appellees in the adversary appeal.  *Lehner v. United Refuse LLC (In re*

*United Refuse LLC)*, 171 F. App'x 426, 432 (4th Cir. 2006) (unpublished) (naming parties is mandatory); *Blinder*, 21 F.3d at 1120 (same); *Fadayiro*, 371 F.3d at 922 (not requiring strict compliance with the notice of appeal rule when the purported notice of appeal contained all the information required by the bankruptcy forms); *Former Frontier Pilot Litig. Steering Comm. v. Frontier Airlines, Inc. (In re Frontier Airlines, Inc.)*, 108 B.R. 277, 279 (D. Colo. 1989) (pro se party could not avoid requirement of naming parties in the notice of appeal by attempting to join another party's appeal).  Third, Dorsey failed to accompany his amended statement of issues with the "judgment, order, or decree, or the part of it, being appealed." Fed. R. Bankr. P. 8003(3)(B).  Fourth, Dorsey never paid the filing fee.  Fed. R. Bankr. P. 8003(3)(C).  And fifth, Dorsey did not commit a technical error in failing to file a notice of appeal in the adversary proceeding.  Dorsey knew how to file a proper notice of appeal because he had previously filed two proper notices of appeal.  Nonetheless, he structured the amended statement of issues and designation of record to avoid filing the required notice of appeal; indeed, Dorsey was clear that he was seeking to amend, rather than file a new notice of appeal, to avoid paying a new filing fee.  Accordingly, we hold that the amended statement of issues and designation of record did not appeal the adversary proceeding.  *See Carnahan, Carnahan & Hickle v. Rozark Farms, Inc. (In re Rozark Farms, Inc.)*, 139 B.R. 463, 466 (E.D. Mo. 1992) (statement of issues not adequate substitute for notice of appeal); *see also Byrd v. Branigan*, CIV.A. AW-06-0895, 2006 WL 4458702, at *5 (Bankr. D. Md. Nov. 29, 2006) (new notice of appeal, rather than amended notice, needed to appeal a new order).  Thus, the district court correctly determined that it lacked jurisdiction to consider issues arising in the adversary case and we do as well.

No. 16-31085

III

The only issues properly appealed and briefed before this court are the two issues that the district court considered on the merits: (1) whether the bankruptcy court erred in reopening the Chapter 7 bankruptcy case, and (2) whether the bankruptcy court erred in allowing DOE and ECMC to file proofs of claim in the Chapter 7 bankruptcy case. This court applies "the same standard of review to the decisions of a bankruptcy court as does the district court." *Plunk v. Yaquinto (In re Plunk)*, 481 F.3d 302, 305 (5th Cir. 2007). We review the bankruptcy court's orders reopening the Chapter 7 bankruptcy case to allow DOE and ECMC to file proofs of claim for abuse of discretion. *See Bell v. Bell Family Tr. (In re Bell Family Tr.)*, 575 F. App'x 229, 232 (5th Cir. 2014) (unpublished); *Bank of Am., N.A. v. Allen Capital Partners (In re DLH Master Land Holding, L.L.C.)*, 464 F. App'x 316, 318 (5th Cir. 2012) (unpublished).

Under 11 U.S.C. § 350(b), a bankruptcy court may reopen a case "to administer assets, to accord relief to the debtor, or for other cause." "The phrase 'or for other cause' as used in § 350(b) is a broad term which gives the bankruptcy court discretion to reopen a closed estate or proceeding when cause for such reopening has been shown." *Citizens Bank & Tr. Co. v. Case (In re Case)*, 937 F.2d 1014, 1018 (5th Cir. 1991) (internal citations omitted). Both DOE and ECMC showed cause. Allowing DOE and ECMC to reopen the main bankruptcy proceeding served to establish their standing in the adversary proceeding and enabled Dorsey, should he have prevailed, to obtain a discharge against the correct entities.

Likewise, the bankruptcy court did not err by allowing DOE and ECMC to file proofs of claim. Preliminarily, DOE and ECMC were not required to file proofs of claim at all because Dorsey's main bankruptcy case was a no-asset Chapter 7 case. *See* Fed. R. Bankr. P. 2002(e); *Kipp Flores Architects, L.L.C. v. Mid-Continent Cas. Co.*, 852 F.3d 405, 411 (5th Cir. 2017) ("[I]n no-asset

cases it is unnecessary for creditors to file claims and the bankruptcy court therefore sets no deadline for filing such claims." (quoting *Eide v. Colltech, Inc.*, 987 F.Supp.2d 951, 958 (D. Minn. 2013))); *Omni Mfg, Inc. v. Smith (In re Smith)*, 21 F.3d 660, 663 (5th Cir. 1994) ("In a Chapter 7 no-asset case, the creditor has no obligation to file a proof of claim . . . ."). Indeed, the initial notice to creditors in Dorsey's main bankruptcy case instructed creditors not to file proofs of claim. However, as the adversary proceeding unfolded, it became beneficial for DOE and ECMC to file. In that circumstance, the bankruptcy judge did not abuse her discretion by allowing DOE and ECMC to file proofs of claim. *See N. River Ins. Co. v. Baskowitz (In re Baskowitz)*, 194 B.R. 839, 845 (Bankr. E.D. Mo. 1996) ("In a case where no assets are available, and there has been no deadline set for creditors to file proofs of claim, Section 523(a)(3)(A) does not render the unscheduled debt non-dischargeable because there is not yet a time when it is too late to permit a timely filing of a proof of claim.").

We therefore affirm.