# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2018

Lyle W. Cayce
Clerk

No. 17-50217

In the Matter of: WBH Energy, L.P., WBH Energy Partners, L.L.C., WBH Energy GP, L.L.C.,

        Debtors

U.S. ENERGY DEVELOPMENT CORPORATION,

        Appellant

v.

CL III FUNDING HOLDING COMPANY, L.L.C.,

        Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CV-884

Before HIGGINBOTHAM, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

U.S. Energy Development Corporation ("USED") argues that it is entitled to attorneys' fees for previous legal disputes under a Joint Operating

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50217

Agreement ("JOA") among USED, WBH Energy Partners, LLC ("Debtor LLC"), and WBH Energy, LP ("Debtor LP"). The bankruptcy and district courts held that USED was not entitled to attorneys' fees. Having considered the briefs, oral argument, and pertinent portions of the record, we AFFIRM.

In September 2011, Debtor LLC entered into the JOA with Debtor LP and USED wherein Debtor LLC would act as the operator of various oil and gas leases and wells and Debtor LP and USED took working interests. The JOA included the following provision regarding attorneys' fees for disputes between the parties:

> Costs and Attorneys' Fees: In the event any party is required to bring legal proceedings to enforce any financial obligation of a party hereunder, the prevailing party in such action shall be entitled to recover all court costs, costs of collection, and a reasonable attorney's fee, which the lien provided for herein shall also secure.

WBH Energy GP, LLC ("Debtor GP") was not a party to the JOA. The JOA choice of law provision states that Texas law applies.

USED contends it is entitled to attorneys' fees under the JOA. USED bases this contention on four legal proceedings involving the parties:

*1. The State Court Proceeding:*

In December 2014, before the bankruptcy cases commenced, USED filed suit against Debtor LLC, Debtor LP, and Debtor GP in order to remove Debtor LLC as the operator under the JOA and replace it with USED. USED obtained a temporary restraining order barring Debtor LLC from acting as the operator and replaced it with USED. This action was dismissed by USED after the debtors declared bankruptcy in January 2015.

No. 17-50217

## 2. *The Operator Adversary Proceeding*

In January 2015, USED filed a complaint in the bankruptcy court again seeking to remove Debtor LLC as the operator under the JOA and to replace it with USED.  USED won a preliminary injunction that granted this relief pending trial.  During bankruptcy proceedings, Castlelake (also known as "CL III") and USED filed an agreement providing that if Castlelake acquired the oil and gas properties, USED would become the operator.  The suit was dismissed by agreement of the parties in December 2015.

## 3. *The Interpleader Adversary Proceeding*

In February 2015, USED filed an interpleader action in the bankruptcy court.  USED "sought to interplead approximately $1.9 million representing joint interest billings that USED admitted that it owed to Debtor LLC (as operator) into the registry of the Court."  In this action, USED sought attorneys' fees and to be discharged "from all liability including the mineral subcontractor liens asserted against USED's interest in the Oil and Gas Properties."  The parties settled during mediation and the suit was resolved by an agreed final judgment.  The final judgment "discharged USED and its interest in the Leases and the Wells (as defined in USED's complaint) from all claims asserted by all Defendants" in the Interpleader Adversary Proceeding.

## 4. *The Bankruptcy Case*

The bankruptcy court approved a sale of substantially all of the Debtors' oil and gas assets to CL III, which now owns Debtor LP's working interest.  In September 2015, the court approved the debtors' plan of reorganization, which allowed USED to remain the operator of the Oil and Gas Properties.

The bankruptcy court held that USED was not entitled to fees for any of the four proceedings discussed above because USED was not a "prevailing

party" in a legal proceeding brought to enforce a "financial obligation," under the JOA. The district court affirmed.

"This court applies 'the same standard of review to the decisions of a bankruptcy court as does the district court.'" *In re Dorsey*, 870 F.3d 359, 364 (5th Cir. 2017) (citation omitted). Therefore, "we review questions of fact for clear error and conclusions of law de novo." *In re Cowin*, 864 F.3d 344, 349 (5th Cir. 2017) (citation omitted). Texas contract law requires that courts "give meaning, effect, and purpose to every *word* in the contract." *Tennessee Gas Pipeline Co. v. F.E.R.C.*, 17 F.3d 98, 102-03 (5th Cir. 1994) (emphasis in original) (citation omitted).

The State Court Proceeding and Operator Adversary Proceeding were brought to remove Debtor LLC as the operator and replace it with USED. In each proceeding, USED obtained temporary injunctive relief that granted this remedy. The attorneys' fees section of the JOA requires that the legal proceeding in question be brought to enforce a "financial obligation." The lower courts did not err when they held that these proceedings fail to meet the "financial obligation" requirement.

The Interpleader Adversary Proceeding and Bankruptcy Case also fail to meet the requirements of the JOA. The Interpleader Adversary Proceeding was brought by USED in order to settle *USED's* financial obligations. Therefore it fails to meet the requirement that USED bring an action to enforce the financial obligations of another party. The Bankruptcy Case was brought by the debtors, not USED. On that elementary level, USED was not a party "required to bring legal proceedings to enforce [a] financial obligation" in the Bankruptcy Case. But equally significant is that USED's filings and agreements in connection with the debtors' reorganization were all designed principally to maintain USED's position as the operator, a position that entails

numerous duties apart from USED's "enforcing a financial obligation" against the JOA parties.

For these reasons, we conclude that USED is not entitled to attorneys' fees under the JOA.  The judgment of the district court is AFFIRMED.